ANTHONY L. FRANÇOIS, Cal. Bar No. 184100
E-mail: TFrancois@pacificlegal.org
TIMOTHY R. SNOWBALL, Cal. Bar No. 317379
E-mail: TSnowball@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

JAMES M. MANLEY, Ariz. Bar No. 031820* (*Pro Hac Vice*)
E-mail: JManley@pacificlegal.org
Pacific Legal Foundation
3217 E. Shea Blvd., # 108
Phoenix, Arizona 85028
Telephone: (916) 288-1405
Facsimile: (916) 419-7747

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| PETER STAVRIANOUDAKIS; KATHERINE STAVRIANOUDAKIS; SCOTT TIMMONS; ERIC ARIYOSHI; **and** AMERICAN FALCONRY CONSERVANCY**,**<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH & WILDLIFE SERVICE; CHARLTON H. BONHAM, in his official capacity as Director of California Department of Fish and Wildlife; **and** JIM KURTH, in his official capacity as Deputy Director Exercising the Authority of the Director of United States Fish & Wildlife Service,<br><br>Defendants. | No. 1:18-cv-01505-LJO-BAM<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

*Licensed to practice law in Arizona and Colorado. Not licensed to practice law in California.

**INTRODUCTION**
**CIVIL RIGHTS COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Peter Stavrianoudakis, Katherine Stavrianoudakis, Eric Ariyoshi, Scott Timmons, and American Falconry Conservancy, by and through undersigned counsel, bring this First Amended Complaint, filed pursuant to stipulation of the parties and approved by the Court (ECF no. 15), for declaratory and injunctive relief, and allege as follows:

**JURISDICTION & VENUE**

1.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (jurisdiction to redress deprivations of civil rights), and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this judicial district is one in which a defendant is subject to the court's personal jurisdiction.

3.      The Court has authority to provide the relief requested under the Fourth Amendment, First Amendment, Fourteenth Amendment, 28 U.S.C §§ 2201 & 2202 (Declaratory Judgment Act), 42 U.S.C. § 1983, and its inherent equitable powers.

4.      Defendant Charlton Bonham is Director of the California Department of Fish and Wildlife, and is a "person" within the meaning 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

**INTRODUCTION**

5.      The First and Fourth Amendments contain some of the most important and well-protected individual civil liberties contained in the United States Constitution, and constrain both federal officials and, through the Fourteenth Amendment, state officials.

6.      Falconry is the art of housing, tending, training, flying, and hunting with birds of prey, such as falcons, hawks, and eagles.

7.      In 2008, ostensibly for the purpose of regulating the "taking, possessing, purchasing, bartering, [or] selling" certain birds of prey pursuant to the Migratory Bird Treaty Act, 16 U.S.C. § 703, *et seq.*, and the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668, *et seq.*, the U.S. Fish and Wildlife Service promulgated regulations governing falconry. *See* 50 C.F.R. § 21.29(a).

8.     The Migratory Bird Treaty Act grants Defendants the "authority, with a search warrant, to search any place" and by plain implication denies the authority to search without a warrant. 16 U.S.C. § 706. Neither the Migratory Bird Treaty Act nor the Bald and Golden Eagle Protection Act grant Defendants the authority to conduct warrantless searches of private property or regulate falconers' speech.

9.     The federal regulations include 50 C.F.R. § 21.29(b)(4)(i), which authorizes Defendants to conduct warrantless searches of falconry "facilities" to ensure that the "facilities standards" in § 21.29 are met, and 50 C.F.R. § 21.29(d)(2) and (d)(9), which grant state officials the power to conduct warrantless searches of the "equipment and records" of falconers.

10.    The federal regulations also include 50 C.F.R. § 21.29(f)(8)–(9), which prohibit falconers from photographing or filming their birds to make movies, commercials, or in other commercial ventures unrelated to falconry, limit compensation for falcon-related educational speech, and dictate the content of conservation education programs.

11.    The federal regulations encourage states to create licensing and regulatory schemes consistent with the federal regulations. Any state rules must be at least as restrictive as the federal rules. 50 C.F.R. § 21.29(b).

12.    Pursuant to 50 C.F.R. § 21.29(b), California promulgated falconry regulations in 2014, including 14 C.C.R. § 670(h)(13)(A), which contains substantively identical speech restrictions as those contained in the federal regulations, and further bans any compensation of falconers' speech if the "fees charged, compensation, or pay received … exceed the amount required to recover costs."

13.    In 2017, the California regulations were amended to include 14 C.C.R. § 670(j)(3)(A), which authorizes warrantless searches of falconry "facilities, equipment, or raptors possessed" by licensees, including the power to "inspect, audit, or copy any permit, license, book[,]" or other required record.

14.    Failure to comply with the above requirements may result in the denial of a falconry license or in a previous license's immediate suspension. 14 C.C.R. § 670(j)(3)(A).

///

15.     A refusal to allow inspection may be inferred if, after "reasonable attempts" by the department, the licensee is unavailable for inspection. *Id.*

16.     Failure to follow the state and federal regulations also subjects Plaintiffs to civil and criminal penalties. *See* 16 U.S.C. § 707; 14 C.C.R. § 747.

17.     Falconry license holders are required to renew their licenses annually. 14 C.C.R. § 670(a)(1); 14 C.F.R. § 670(e)(4); 50 C.F.R. § 21.29(c)(1)(i).

18.     As a consequence, licensed falconers are forced to continually consent to unconstitutional searches of their private homes and property as conditions of licensure, thereby suffering ongoing and continuing constitutional injury.

19.     This suit seeks to vindicate the rights of Plaintiffs to be secure in their private homes and curtilage against unreasonable warrantless searches by armed government agents under the Fourth Amendment, and their rights to freedom of speech under the First Amendment.

20.     Plaintiffs will suffer the continued deprivation of their constitutional rights due to the continual enforcement of the unconstitutional rules complained of herein by state and federal officials, unless the regulations challenged herein are declared unconstitutional and unlawful and Defendants are enjoined from enforcing them.

21.     This action seeks wholly prospective declaratory and injunctive relief and no monetary damages against any party.

## PARTIES

22.     Plaintiff Peter Stavrianoudakis is a United States citizen, Deputy Public Defender for Stanislaus County, and Pacific Coast Director for American Falconry Conservancy. He resides in Hilmar, California, and was first licensed as a falconer over 30 years ago. He is a Master Falconer.

23.     Plaintiff Katherine Stavrianoudakis is a United States citizen and a Service Coordinator for Valley Mountain Regional Center, a nonprofit that provides services for the developmentally disabled. She resides in Hilmar, California, and is married to and lives in the same residence as Plaintiff Peter Stavrianoudakis. She does not have a falconry license but is subject to the same intrusive inspections of her home by Defendants as her husband.

24.     Plaintiff Eric Ariyoshi is a United States citizen, Marketing Director for a California winery, and Secretary for American Falconry Conservancy. He resides in Novato, California, and has been a licensed falconer for 20 years.

25.     Plaintiff Scott Timmons is a United States citizen, and owner of Aerial Solutions, a small privately owned abatement company, and a member of American Falconry Conservancy. He resides in Lompoc, California, and has been licensed as a falconer for 30 years. He has been licensed to use falcons in professional abatement for more than 10 years. Abatement is the practice of flying certain species of raptor over a given area as a deterrent to the presence of other invasive bird species. Abatement is important in the prevention of nuisance caused by seagulls and other bird species at landfills and near airports.

26.     Plaintiff American Falconry Conservancy is a membership organization established in 2002 and composed of approximately 100 members across the United States. American Falconry Conservancy is dedicated to protecting and preserving the practice of falconry, and protecting falconers' rights.

27.     Defendant Greg Sheehan is Principal Deputy Director of the U.S. Fish and Wildlife Service. In his capacity as Principal Deputy Director of the U.S. Fish and Wildlife Service he is charged with enforcing the federal warrantless search and speech regulations challenged in this lawsuit. By enforcing the policies complained of in this action, he is currently depriving Plaintiffs of their rights to be free from unreasonable warrantless searches of their private property, and rights to freedom of speech guaranteed by the United States Constitution, and will continue to do so absent this Court's injunction. Defendant Sheehan is sued in his official capacity.

28.     Defendant Charlton Bonham is Director of the California Department of Fish and Wildlife. In his capacity as Director of the California Department of Fish and Wildlife he is charged with enforcing the California and federal warrantless search and speech regulations challenged in this lawsuit. By enforcing the policies complained of in this action, he is currently depriving Plaintiffs of their rights to be free from unreasonable warrantless searches of their private property, and rights to freedom of speech guaranteed by the United States Constitution, and will continue to do so absent this Court's injunction. Defendant Bonham is sued in his official capacity.

29.     Defendant U.S. Fish and Wildlife Service is responsible for creating and enforcing the federal warrantless search and speech regulations challenged in this lawsuit. By enforcing the policies complained of in this action, it is currently depriving Plaintiffs of their rights to be free from unreasonable warrantless searches of their private property, and rights to freedom of speech guaranteed by the United States Constitution.

## LEGAL BACKGROUND

**The Fourth Amendment Forbids Unreasonable Warrantless Searches**

30.     The Fourth Amendment protects "persons, houses, papers, and effects" from unreasonable warrantless searches by government agents. U.S. Const. amend IV.

31.     Under the privacy-based approach to the Fourth Amendment, a search warrant is required for government searches where (1) a person has exhibited an actual (subjective) expectation of privacy in the area searched, and (2) the expectation is one that society is prepared to recognize as reasonable. *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring).

32.     Under Fourth Amendment privacy analysis, private homes and curtilage enjoy a strong presumption of privacy. *See Kyllo v. United States*, 533 U.S. 27, 34 (2001); *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523 (1967).

33.     Property rights also provide an independent basis for requiring a warrant under the Fourth Amendment. *See, e.g.*, *Collins v. Virginia*, 138 S. Ct. 1663 (2018); *Florida v. Jardines*, 569 U.S. 1 (2013); *United States v. Jones*, 565 U.S. 400 (2012).

**Federal and California Unreasonable Warrantless Search Regimes**

34.     Under 50 C.F.R. § 21.29(b)(4)(i), Defendants purport to authorize themselves to inspect Plaintiffs' facilities without a warrant "to ensure that the facilities standards" in § 21.29 are met.

35.     50 C.F.R. § 21.29(d)(2) and (d)(9) grant state officials the purported power to conduct warrantless searches of the "equipment and records" of Plaintiff falconers.

36.     14 C.C.R. § 670(j)(3)(A), purports to authorize warrantless searches of falconry "facilities, equipment, or raptors possessed" by licensees, including the power to "inspect, audit, or copy any permit, license, book[,]" or other required record.

37.    Plaintiffs' falconry "facilities," are located within private homes or structures within the curtilage of private homes, as are the targeted "equipment and records."

38.    Plaintiffs' birds, falconry equipment, and records are also "papers and effects" protected by the Fourth Amendment.

**The First Amendment Presumptively Prohibits Content-Based Speech Restrictions**

39.    The First Amendment protects the right of free speech by commanding that "Congress shall make no law … abridging the freedom of speech." U.S. Const. amend. I.

40.    Regulations that control speech based on its content are "presumptively invalid, and the Government bears the burden to rebut that presumption." *United States v. Stevens*, 559 U.S. 460, 468 (2010).

41.    Movies, commercials, entertainment, advertisements, educational programs, and promotion or endorsement of products are forms of speech protected by the First Amendment.

**Federal and California Speech Restrictions**

42.    50 C.F.R. § 21.29(f)(9)(i) prohibits Plaintiffs from photographing or filming their birds for "movies, commercials, or in other commercial ventures"— if the images will be used in a production that is not about falcons or falconry.

43.    50 C.F.R. § 21.29(f)(9)(ii) prohibits Plaintiffs from photographing or filming their birds for "advertisements; as a representation of any business, company, corporation, or other organization; or for promotion or endorsement of any products, merchandise, goods, services, meetings, or fairs"—unless the promotion or endorsement is of "a nonprofit falconry organization or association" or "products or endeavors related to falconry."

44.    50 C.F.R. § 21.29(8)(v) imposes content-based restrictions about what Plaintiffs can discuss in conservation education programs—including "information about the biology, ecological roles, and conservation needs of raptors and other migratory birds."

45.    50 C.F.R. § 21.29(f)(8)(iv) prohibits Plaintiffs from being paid to speak in a conservation education program using their birds if they charge a fee for the presentation that exceeds the amount required to recoup their costs.

46.    14 C.C.R. § 670(h)(13)(A) prohibits Plaintiffs from being paid to speak in any

context using their birds if they charge a fee for the presentation that exceeds the amount required to recoup their costs.

## FACTUAL ALLEGATIONS

**Peter and Katherine Stavrianoudakis**

47.     Peter Stavrianoudakis has been interested in, housed, cared for, trained, and flown falcons and other birds of prey used in falconry since he was 16-years old.

48.     On or about 1980, when he was 20-years old, Peter secured his first falconry license and has held a valid falconry license for the last 38 years.

49.     Peter last renewed his falconry license in June 2018, and will renew his license in June 2019.

50.     Peter has continuously complied with all requirements for falconry licensure.

51.     In approximately 1983, Peter was subject to an unreasonable warrantless search of his home and warrantless arrest by armed members of the California Department of Fish and Wildlife related to his lawful activities as a non-resident falconer in Nevada.

52.     No charges were filed against Peter related to this incident.

53.     Peter first became affiliated with American Falconry Conservancy in 2017.

54.     Shortly thereafter he became the Pacific Coast Director for American Falconry Conservancy for a two-year term expiring in 2019.

55.     Peter has never been sanctioned or cited by U.S. Fish and Wildlife, California Fish and Wildlife, or any other agency or body, related to his practice of falconry.

56.     In his time as a falconer, Peter has housed, cared for, trained, and flown approximately 15 birds.

57.     Currently, Peter owns one four-year-old aplomado falcon named "Ares."

58.     Peter has owned, housed, cared for, trained, and flown Ares for the last three years.

59.     Peter has a close personal bond and friendship with Ares that rivals that of any other human and pet.

///

///

60. Peter does not generate any type of income, or participate in any kind of industry through his ownership, training, or care of Ares.

61. Ares lives exclusively inside Peter's home, and is occasionally weathered in a protected enclosure in his yard to ensure the health of his falcon.

62. There is no separate structure used for the care or housing of Ares.

63. Peter and Katherine Stavrianoudakis were married in May 2014.

64. Peter and Katherine's home was originally purchased by Peter's mother Darlene Stavrianoudakis in 1973.

65. Peter and Katherine have lived there together for a total of five years.

66. Katherine does not, and has never, held a falconry license or practiced falconry.

**Eric Ariyoshi**

67. Eric Ariyoshi has been interested in, housed, cared for, trained, and flown falcons and other birds of prey used in falconry since he was 13-years old.

68. In 1988, when he was 16-years old, Eric secured his first falconry license and has held a valid falconry license for approximately the last 30 years.

69. Eric last renewed his falconry license in June 2018, and will renew his license in June 2019.

70. Eric has continuously complied with all requirements for falconry licensure.

71. In his time as a falconer, Eric has housed, cared for, trained, and flown approximately 20 birds.

72. Eric has never been sanctioned or cited by U.S. Fish and Wildlife, California Fish and Wildlife, or any other agency or body, related to his practice of falconry.

73. Eric currently owns one three-year-old male Peregrine Falcon named "Finn."

74. Finn is housed in an unrestricted mews located 30 feet away with a direct line of sight to the rear of Eric's home.

75. Eric first became aware of American Falconry Conservancy in 2016, shortly thereafter become the organization's Secretary.

76. Eric has given uncompensated educational presentations about falconry.///

**Scott Timmons**

77.     In 1988, when he was 20-years old, Scott secured his first falconry license and has held a valid falconry license for approximately 30 years.

78.     Scott last renewed his falconry license in June 2018, and will renew his license in June 2019.

79.     Scott has continuously complied with all requirements for falconry licensure.

80.     In his time as a falconer, Scott has housed, cared for, trained, and flown approximately 40 birds; 20 falconry birds and 20 birds used for abatement services.

81.     Species that Scott has owned include red-tailed hawks, coopers hawks, peregrine falcons, and hybrid species.

82.     In 1992, Scott was approached on his mother's private property in Thousand Oaks, California, by officers of the California Fish & Game Department.

83.     Scott was living with his mother and attending college at the time.

84.     The officers claimed to be there to inquire as to whether he was still in possession of a certain red-tailed hawk.

85.     Scott told them that said hawk had flown away, and they soon revealed that they were already in possession of the hawk.

86.     Scott believes the officers used the hawk as pretext to attempt an unreasonable warrantless search of his mother's private property.

87.     Scott has never been sanctioned or cited by U.S. Fish and Wildlife, California Fish and Wildlife, or any other agency or body, related to his practice of falconry.

88.     Currently, Scott owns three birds: "June," is a five-year-old Goshawk, "Jeppa" is a five-year-old Peregrine Falcon, and "Tio" is a six-year-old Harris Hawk.

89.     Scott has a close personal bond and friendship with June, Jeppa, and Tio that rivals that of any other human and pet.

90.     Scott's falcons live exclusively in mews and other structures directly adjacent to his home.

///

91.    Scott first heard of and became acquainted with American Falconry Conservancy in 2014 and became a member in 2018.

92.    Scott is the owner of an abatement services company called Aerial Solutions.

93.    Abatement is the practice of flying certain species of raptor over a given area as a deterrent to the presence of other invasive bird species. Abatement is important in the prevention of nuisance caused by seagulls and other bird species at landfills and near airports.

94.    Scott has been asked to perform educational presentations, including conservation education presentations, at the same time that he is flying his birds for abatement. But he has declined to perform these demonstrations because of the regulations that prohibit compensation for speaking that exceeds the amount required to recoup his costs.

**American Falconry Conservancy**

95.    American Falconry Conservancy is a membership organization established in 2002 and composed of approximately 100 members from across the United States.

96.    American Falconry Conservancy's stated purpose is to promote "the broadest liberties possible that are not in conflict with legitimate conservation efforts based upon sound biological and legal reasoning," and "promote knowledge of quality falconry, as well as to instill pride in falconers for the cultural heritage of the sport, and its place in world history."

97.    American Falconry Conservancy is comprised of six districts across the United States, with each region overseen by a regional director.

98.    American Falconry Conservancy is managed by an executive board consisting of a president, vice-president, secretary, and treasurer, with membership decisions vested in a board of directors.

99.    American Falconry Conservancy membership is open to "[a]ny falconer—neither antagonistic nor detrimental to the association or its purpose—of good moral character and over the age of 17 years."

100.    American Falconry Conservancy members pay annual dues, starting at $30 for one year.

///

101.    By virtue of holding falconry licenses, all members of American Falconry Conservancy are subject to the federal warrantless search provisions challenged herein.

102.    By virtue of holding falconry licenses, all members of American Falconry Conservancy residing in California are subject to the California warrantless search provision challenged herein.

103.    By virtue of holding falconry licenses, all members of American Falconry Conservancy are subject to the federal speech restrictions challenged herein.

104.    By virtue of holding falconry licenses, all members of American Falconry Conservancy residing in California are subject to the California speech restrictions challenged herein.

105.    American Falconry Conservancy members have been subject to unreasonable warrantless searches pursuant to the regulations challenged herein.

106.    American Falconry Conservancy members are subject to the speech prohibiting regulations complained of in this action.

107.    Certain members of American Falconry Conservancy have declined to create photographs, movies, commercials, and other expression due to Defendants' active enforcement of the regulations complained of in this action.

108.    Certain members of American Falconry Conservancy have modified the content of their educational presentations due to Defendants' active enforcement of the regulations complained of in this action.

109.    Certain members of American Falconry Conservancy have declined to perform educational presentations and engage in other expression due to Defendants' active enforcement of the regulations limiting compensation complained of in this action.

110.    American Falconry Conservancy as an association is dedicated to protecting and preserving the practice of falconry and protecting falconers' rights.

111.    Neither the claims asserted here, nor the specific relief requested, require the participation of individual members of American Falconry Conservancy.

///

**CLAIMS FOR RELIEF**
**Count I**
**(50 C.F.R. § 21.29(b)(4)(i), 50 C.F.R. § 21.29(d)(2) and (d)(9), and 14 C.C.R. § 670(j)(3)(A))**
**(Warrantless Search of Falconry License Holders)**
**(Fourth and Fourteenth Amendments)**

112.   Plaintiffs incorporate the allegations in the preceding paragraphs.

113.   Under 50 C.F.R. § 21.29(b)(4)(i), Defendants assert the purported authority to inspect Plaintiffs' facilities without a warrant "to ensure that the facilities standards" in § 21.29 are met.

114.   50 C.F.R. § 21.29(d)(2) and (d)(9) purports to grant state officials the power to conduct warrantless searches of the "equipment and records" of Plaintiff falconers.

115.   14 C.C.R. § 670(j)(3)(A), purports to authorize warrantless searches of falconry "facilities, equipment, or raptors possessed" by licensees, including the power to "inspect, audit, or copy any permit, license, book[.]" or other required record.

116.   Plaintiffs' falconry "facilities" are located within private homes or structures within the curtilage of private homes, as are the targeted "equipment and records."

117.   Plaintiffs' birds, falconry equipment, and records are also "papers and effects" protected by the Fourth Amendment.

118.   As a condition of securing and maintaining their falconry licenses, Plaintiffs are forced, in violation of the unconstitutional conditions doctrine, to waive their Fourth Amendment rights to be free from unreasonable warrantless searches of their private homes and curtilage.

119.   Falconry license holders are required to renew their licenses annually, and as a consequence are forced to continually consent to unconstitutional searches of their private homes and property as a condition of licensure, thereby suffering ongoing and continuing constitutional injury.

120.   Day-to-day, Plaintiffs live in ongoing fear of their home and curtilage being subject to unreasonable warrantless search by armed government agents.

121.   The federal and California search provisions challenged herein violate Plaintiffs' Fourth Amendment rights and exceed Defendants' authority under the Migratory Bird Treaty Act. Plaintiffs have no adequate remedy at law to compensate for the loss of these fundamental

freedoms and will suffer irreparable injury absent an injunction restraining Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

**Count II**
**(50 C.F.R. § 21.29(b)(4)(i), 50 C.F.R. § 21.29(d)(2) and (d)(9), and 14 C.C.R. § 670(j)(3)(A))**
**(Warrantless Search of Non-Falconry License Holders)**
**(Fourth and Fourteenth Amendments)**

122.    Plaintiffs incorporate the allegations in the preceding paragraphs.

123.    Under 50 C.F.R. § 21.29(b)(4)(i), Defendants assert the purported authority to inspect Plaintiffs' facilities without a warrant "to ensure that the facilities standards" in § 21.29 are met.

124.    50 C.F.R. § 21.29(d)(2) and (d)(9) purports to grant state officials the power to conduct warrantless searches of the "equipment and records" of Plaintiff falconers.

125.    14 C.C.R. § 670(j)(3)(A), which authorizes warrantless searches of falconry "facilities, equipment, or raptors possessed" by licensees, including the power to "inspect, audit, or copy any permit, license, book[.]" or other required record.

126.    Katherine Stavrianoudakis does not, and has never, held a falconry license or practiced falconry; yet her private home and curtilage is still subject to unreasonable warrantless searches.

127.    Peter Stavrianoudakis's falconry "facility" is located within Katherine's private home, as are the targeted "equipment and records."

128.    Day-to-day Katherine lives in ongoing fear of her home and curtilage being subject to unreasonable warrantless search by armed government agents.

129.    The federal and California search provisions challenged herein violate Katherine's Fourth Amendment rights and exceed Defendants' authority under the Migratory Bird Treaty Act.

130.    Katherine has no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining Defendants' enforcement of the regulations complained of in this action. Katherine is therefore

entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

**Count III**
**(50 C.F.R. § 21.29(f)(9)(i))**
**(Free Speech)**
**(First and Fourteenth Amendments)**

131. Plaintiffs incorporate the allegations in the preceding paragraphs.

132. The First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, protects the truthful, non-misleading speech that Plaintiffs would engage in but for the regulations complained of in this action.

133. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) prohibits Plaintiffs from photographing or filming their birds for "movies, commercials, or in other commercial ventures"—but only if the images will be used in a production that is not about falcons or falconry.

134. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) prohibits Plaintiffs from engaging in lawful communication using their birds.

135. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) burdens speech protected by the First Amendment.

136. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) is based on the content of the regulated speech.

137. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) is not tailored to serve a substantial or compelling government interest.

138. On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(i) is an unconstitutional condition imposed on falconry permits, in violation of the First Amendment.

139. But for Defendants' active enforcement of 50 C.F.R. § 21.29(f)(9)(i), Plaintiffs would photograph or film their birds for "movies, commercials, or in other commercial ventures" unrelated to falcons or falconry.

140. By prohibiting Plaintiffs from photographing or filming their birds for "movies,

1   commercials, or in other commercial ventures" unrelated to falcons or falconry, Defendants

2   currently maintain and actively enforce a set of laws, practices, policies, and procedures under

3   color of state and federal law that deprive Plaintiff falconers and American Falconry Conservancy

4   members of their rights to freedom of speech, in violation of the First and Fourteenth

5   Amendments to the United States Constitution and 42 U.S.C. § 1983.

6       141.   Plaintiffs have no adequate remedy at law to compensate for the loss of these

7   fundamental freedoms and will suffer irreparable injury absent an injunction restraining

8   Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore

9   entitled to declaratory and permanent injunctive relief against continued enforcement and

10  maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201,

11  2202.

12                              **Count IV**
                        **(50 C.F.R. § 21.29(f)(9)(ii))**
13                       **(Commercial Speech)**
                **(First and Fourteenth Amendments)**
14

15      142.   Plaintiffs incorporate the allegations in the preceding paragraphs.

16      143.   The First Amendment to the United States Constitution, as applied to the states

17  through the Fourteenth Amendment, protects the truthful, non-misleading speech that Plaintiffs

18  would engage in but for the regulations complained of in this action.

19      144.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) prohibits

20  Plaintiffs from photographing or filming their birds for "advertisements; as a representation of any

21  business, company, corporation, or other organization; or for promotion or endorsement of any

22  products, merchandise, goods, services, meetings, or fairs"—unless the promotion or endorsement

23  is of "a nonprofit falconry organization or association" or "products or endeavors related to

24  falconry."

25      145.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) prohibits

26  Plaintiffs from engaging in lawful communication using their birds.

27      146.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) burdens

28  speech protected by the First Amendment.

147.    On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) is based on the content of the regulated speech.

148.    On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) is not tailored to serve a substantial or compelling government interest.

149.    On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(9)(ii) is an unconstitutional condition imposed on falconry permits, in violation of the First Amendment.

150.    But for Defendants' active enforcement of 50 C.F.R. § 21.29(f)(9)(ii), Plaintiffs would photograph or film their birds for "advertisements; as a representation of any business, company, corporation, or other organization; or for promotion or endorsement of any products, merchandise, goods, services, meetings, or fairs" unrelated to falconry.

151.    By prohibiting Plaintiffs from photographing or filming their birds for "advertisements; as a representation of any business, company, corporation, or other organization; or for promotion or endorsement of any products, merchandise, goods, services, meetings, or fairs" unrelated to falconry, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state and federal law that deprive Plaintiff falconers and American Falconry Conservancy members of their rights to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

152.    Plaintiffs have no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

**Count V**
**(50 C.F.R. § 21.29(f)(8)(v))**
**(Compelled Content of Conservation Education Programs)**
**(First and Fourteenth Amendments)**

153.    Plaintiffs incorporate the allegations in the preceding paragraphs.

154.    The First Amendment to the United States Constitution, as applied to the states

through the Fourteenth Amendment, protects the truthful, non-misleading speech that Plaintiffs would engage in but for the regulations complained of in this action.

155.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) imposes content-based restrictions about what Plaintiffs can discuss in conservation education programs—including requiring discussion of "information about the biology, ecological roles, and conservation needs of raptors and other migratory birds."

156.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) prohibits Plaintiffs from engaging in lawful communication using their birds.

157.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) compels Plaintiffs to communicate particular messages when conducting conservation education programs.

158.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) burdens speech protected by the First Amendment.

159.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) is based on the content of the regulated speech.

160.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) is not tailored to serve a substantial or compelling government interest.

161.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(v) is an unconstitutional condition imposed on falconry permits, in violation of the First Amendment.

162.   But for Defendants' active enforcement of 50 C.F.R. § 21.29(f)(8)(v), Plaintiffs would determine the content of conservation education programs that they perform.

163.   By prohibiting Plaintiffs from determining the content of conservation education programs that they perform, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state and federal law that deprive Plaintiff falconers and American Falconry Conservancy members of their rights to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

164.   Plaintiffs have no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining

1    Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore

2    entitled to declaratory and permanent injunctive relief against continued enforcement and

3    maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201,

4    2202.

5                                          **Count VI**
                                    **(50 C.F.R. § 21.29(f)(8)(iv))**
6                        **(Payment for Conservation Education Programs)**
                              **(First and Fourteenth Amendments)**
7

8            165.   Plaintiffs incorporate the allegations in the preceding paragraphs.

9            166.   The First Amendment to the United States Constitution, as applied to the States

10   through the Fourteenth Amendment, protects the truthful, non-misleading speech that Plaintiffs

11   would engage in but for the regulations complained of in this action.

12           167.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) prohibits

13   Plaintiffs from being paid to speak in a conservation education program using their birds if they

14   charge a fee for the presentation that exceeds the amount required to recoup their costs.

15           168.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) imposes a

16   disincentive to engage in conservation education programs by limiting compensation.

17           169.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) burdens

18   speech protected by the First Amendment.

19           170.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) is based on

20   the content of the regulated speech.

21           171.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) is not

22   tailored to serve a substantial or compelling government interest.

23           172.   On its face and as enforced by Defendants, 50 C.F.R. § 21.29(f)(8)(iv) is an

24   unconstitutional condition imposed on falconry permits, in violation of the First Amendment.

25           173.   But for Defendants' active enforcement of 50 C.F.R. § 21.29(f)(8)(iv), Plaintiffs

26   would accept compensation for conservation education programs that exceeds the amount required

27   to recoup their costs.

28           174.   By prohibiting Plaintiffs from receiving compensation for conservation education

programs that exceeds the amount required to recoup their costs, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state and federal law that deprive Plaintiff falconers and American Falconry Conservancy members of their rights to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

175.   Plaintiffs have no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

**Count VI**
**(14 C.C.R. § 670(h)(13)(A))**
**(Free Speech)**
**(First and Fourteenth Amendments)**

176.   Plaintiffs incorporate the allegations in the preceding paragraphs.

177.   On its face and as enforced by Defendants, 14 C.C.R. § 670(h)(13)(A) incorporates the speech restrictions contained in 50 C.F.R. § 21.29 and is unconstitutional for the same reasons.

178.   On its face and as enforced by Defendants, 14 C.C.R. § 670(h)(13)(A) prohibits Plaintiffs from being paid to speak in any context using their birds if they charge a fee for the presentation that exceeds the amount required to recoup their costs. It is unconstitutional for the same reasons as 50 C.F.R. § 21.29(f)(8)(iv).

179.   But for Defendants' active enforcement of 14 C.C.R. § 670(h)(13)(A), Plaintiffs would accept compensation for speaking using their birds that exceeds the amount required to recoup their costs.

180.   By prohibiting Plaintiffs from speaking using their birds and by prohibiting Plaintiffs from accepting compensation for that speech that exceeds the amount required to recoup their costs, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state and federal law that deprive Plaintiff falconers and American

1   Falconry Conservancy members of their rights to freedom of speech, in violation of the First and

2   Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3       181.   Plaintiffs have no adequate remedy at law to compensate for the loss of these

4   fundamental freedoms and will suffer irreparable injury absent an injunction restraining

5   Defendants' enforcement of the regulations complained of in this action. Plaintiffs are therefore

6   entitled to declaratory and permanent injunctive relief against continued enforcement and

7   maintenance of Defendants' unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201,

8   2202.

9                           **Count VII**
                         **(5 U.S.C. § 706)**
10   **(Regulations In Excess of Statutory Jurisdiction, Authority, or Limitations)**

11      182.   Plaintiffs incorporate the allegations in the preceding paragraphs.

12      183.   The regulations challenged herein were promulgated pursuant to the Migratory

13   Bird Treaty Act, 16 U.S.C. § 703, *et seq.*, and the Bald and Golden Eagle Protection Act, 16

14   U.S.C. § 668, *et seq*.

15      184.   The Migratory Bird Treaty Act grants Defendants the "authority, with a search

16   warrant, to search any place" and by plain implication denies the authority to conduct searches

17   without a warrant. 16 U.S.C. § 706.

18      185.   Neither the Migratory Bird Treaty Act nor the Bald and Golden Eagle Protection

19   Act grant Defendants the authority to regulate falconers' speech.

20      186.   The regulations challenged herein are in excess of statutory jurisdiction, authority,

21   or limitations in violation of 5 U.S.C. § 706(2)(C).

22      187.   Plaintiffs have no adequate remedy at law and will suffer irreparable injury absent

23   an injunction restraining Defendants' enforcement of the regulations complained of in this action.

24   Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued

25   enforcement and maintenance of Defendants' illegal laws, practices, and policies. *See* 28 U.S.C.

26   §§ 2201, 2202.

27   ///

28   ///

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

A.      Declare that regulations challenged herein violate Plaintiffs' rights to be free from unreasonable searches protected by the Fourth and Fourteenth Amendments on their face and as applied;

B.      Declare that regulations challenged herein violate Plaintiffs' rights to freedom of speech protected by the First and Fourteenth Amendments on their face and as applied;

C.      Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing the regulations complained of in this action;

D.      Award Plaintiffs their costs, attorneys' fees, and other expenses in accordance with law, including 42 U.S.C. § 1988; and

E.      Order such additional relief as may be just and proper.

DATED: January 18, 2018.

Respectfully submitted,

ANTHONY L. FRANÇOIS
TIMOTHY R. SNOWBALL
JAMES M. MANLEY

By: s/Timothy R. Snowball
     TIMOTHY R. SNOWBALL

Attorneys for Plaintiffs

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# Civil Cover Sheet (continued)

**Additional Attorney:**

James M. Manley* (Pro Hac Vice)
Pacific Legal Foundation
3217 E. Shea Blvd., #108
Phoenix, Arizona 85028
Telephone: (916) 288-1405
Facsimile: (916) 419-7747

*Licensed to practice law in Arizona and Colorado. Not licensed to practice law in California.

**Defendants:**

U.S. DEPARTMENT OF FISH & WILDLIFE; CHARLTON H. BONHAM, in his official capacity as Director of California Department of Fish and Wildlife; and JIM KURTH, in his official capacity as Deputy Director Exercising the Authority of the Director of U.S. Department of Fish and Wildlife.