# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STAVRIANOUDAKIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FISH & WILDLIFE SERVICE, *et al.*, <br><br> Defendants. | 1:18-cv-1505-LJO-BAM <br><br> **ORDER RE REQUEST TO FILE AMICUS BRIEF (ECF No. 20)** |

This case concerns federal and California regulations applicable to the practice of falconry. *See generally*. ECF No. 16, First Amended Complaint ("FAC"). Plaintiffs, the American Falconry Conservancy and various individuals who claim to be engaged in falconry, allege that certain of the challenged regulations permit warrantless searches in violation of the Fourth and Fourteenth Amendments. *Id*. at ¶¶ 112-130. The Complaint also alleges that other aspects of the challenged regulations that prohibit Plaintiffs from filming their birds for "movies, commercials, or in other commercial ventures" unrelated to falconry violate Plaintiffs First and Fourteenth Amendment rights. *Id*. ¶¶ 131-181. Finally, the FAC contains a cause of action arising under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, alleging that the federal regulations at issue were promulgated in excess of the relevant statutory authority. *Id*. at ¶¶ 182-87. On January 28, 2019, Plaintiffs filed a motion for

1

preliminary injunction and set the motion for hearing on April 11, 2019. ECF No. 17. Before the Court for decision is a motion filed by the North American Falconers Association ("NAFA") requesting permission to file a brief as *amicus curiae* in connection with the pending motion for preliminary injunction. ECF No. 20. Defendants consent to the filling of an amicus brief. *Id*. Plaintiffs oppose in the context of the preliminary injunction proceedings. *Id*.

"There is no inherent right to file an *amicus curiae* brief with the Court." *Long v. Coast Resorts, Inc*., 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). This Court retains broad discretion to either permit or reject the appearance of amicus curiae. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 n. 3 (9th Cir. 1987). "A court may grant leave to appear as an amicus if the information offered is timely and useful." *Waste Management of Pennsylvania, Inc*., 162 F.R.D. 34, 36 (M.D. Pa. 1995). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm*., 125 F.3d 1062, 1063 (7th Cir. 1997). "District courts frequently welcome amicus briefs from non-parties . . . if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc*., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted). In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *Id*. "In the absence of exceptional circumstances . . . , [a court] does not address issues raised only in an amicus brief." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n. 10 (9th Cir. 2003).

Here, NAFA explains that it is an organization with several thousand members, some of whom were instrumental in supporting the federal and state rules at issue in this case. ECF No. 20-2, Declaration of James H. Maynard, at ¶¶ 1-2. NAFA proposes to file a single brief of not more than 25 pages in length one week after the Federal Defendants and State Defendants file their responses to Plaintiffs' motion for a preliminary injunction. ECF No. 20-1. But, NAFA fails to explain what topics this brief might cover, let alone how NAFA would bring unique information or perspectives to the issues

2

raised in the preliminary injunction motion. Given that Plaintiffs' opening brief already has been filed, NAFA must be more specific. Accordingly, on or before March 20, 2019, NAFA is directed to file a supplement, no longer than three (3) pages in length, that articulates the unique information it plans to address in its amicus brief and how that information bears directly upon the legal and factual questions raised in the preliminary injunction motion. In addition, NAFA must explain with specificity why it requires more than ten pages of briefing (exclusive of any supporting documentation) to articulate this unique information. Thereafter, if Plaintiffs still object to the proposed amicus filing, they may submit a response to the supplemental request no longer than three (3) pages in length. If the Court decides to permit the amicus filing, the Court agrees that it should trail the Federal Defendants' and State Defendants' filings by one week, but will also entertain any reasonable request or stipulation to extend the time for Plaintiffs to file a reply.

IT IS SO ORDERED.

Dated: **March 15, 2019**           /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE