1   ANTHONY L. FRANÇOIS, Cal. Bar No. 184100
    Email: TFrancois@pacificlegal.org
2   TIMOTHY R. SNOWBALL, Cal. Bar No. 317379
    Email: TSnowball@pacificlegal.org
3   Pacific Legal Foundation
    930 G Street
4   Sacramento, California 95814
    Telephone: (916) 419-7111
5   Facsimile: (916) 419-7747

6   JAMES M. MANLEY, Ariz. Bar No. 031820* (*Pro Hac Vice*)
    Email: JManley@pacificlegal.org
7   Pacific Legal Foundation
    3217 E. Shea Blvd., # 108
8   Phoenix, Arizona 85028
    Telephone: (916) 288-1405
9   Facsimile: (916) 419-7747

10  Attorneys for Plaintiffs

11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13                        FRESNO DIVISION

14

15  PETER STAVRIANOUDAKIS, et al.,                No. 1:18-cv-01505-LJO-BAM

16              Plaintiffs,                        **RESPONSE TO OBJECTIONS TO
                                                   EVIDENCE OFFERED IN SUPPORT
17          v.                                     OF PLAINTIFFS' MOTION FOR
                                                   PRELIMINARY INJUNCTION**
18
    UNITED STATES FISH & WILDLIFE SERVICE,
19  et al.,

20              Defendants.

21

22

23

24

25

26

27

28  *Licensed to practice law in Arizona and Colorado. Not licensed to practice law in California.

1    **I.      DECLARATION OF PETER STAVRIANOUDAKIS**

2    **1. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 6

3    **Grounds for Objection: Speculative, lacks personal knowledge, vague, lacks foundation**

4    **(FRE 602)**

5    This paragraph purports to describe events in 1983, but is vague as to who was allegedly involved,

6    when exactly the event allegedly took place, and where the event allegedly occurred. To the extent

7    the declarant makes allegations regarding the Department's motivations, it is also speculative, lacks

8    foundation; and the declarant lacks personal knowledge.

9    **Plaintiffs' Response to Department's Objection No. 1**

10   This paragraph provides relevant context and background for later statements; it is not vague.

11   Personal knowledge may be established by a witness's own testimony. FRE 602. Declarant's

12   statement is not speculative. He is stating an opinion that is grounded in his personal experience of

13   events. *See United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) (quoting *Great Am.*

14   *Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009))

15   ("Personal knowledge includes inferences and opinions grounded in observations and

16   experience.").

17                                                   ***

18   **2. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 7

19   **Grounds for Objection: Hearsay, best evidence (FRE 802, 1002)**

20   This paragraph purports to describe the contents of a letter from 1983, which is the best evidence

21   of its contents. It also contains inadmissible hearsay.

22   **Plaintiffs' Response to Department's Objection No. 2**

23   Declarant is not seeking to prove the contents of the 1983 letter, therefore the best evidence rule is

24   inapplicable. A district court may consider hearsay and other ordinarily inadmissible evidence in

25   ruling on a preliminary injunction. *See, e.g.*, *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir.

26   2009) ("A district court may, however, consider hearsay in deciding whether to issue a preliminary

27   injunction.").

28                                                   ***

**3. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 8

**Grounds for Objection: Hearsay, best evidence (FRE 802, 1002)**

This paragraph purports to describe the contents of a letter from 1983, which is the best evidence of its contents. It also contains inadmissible hearsay.

**Plaintiffs' Response to Department's Objection No. 3**

Declarant is not seeking to prove the contents of the 1983 letter, therefore the best evidence rule is inapplicable. A district court may consider hearsay in ruling on a preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**4. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 9

**Grounds for Objection: Hearsay, lacks foundation, vague, irrelevant (FRE 401, 403, 602, 802)**

This paragraph describes statements allegedly made over the phone [and][1] is therefore hearsay. His statement is also vague as to the identity of the alleged "Fish and Wildlife officers" (which agency and specific officers), and when and where the event allegedly took place. It is irrelevant because even if true, the alleged search would not have occurred under the challenged regulatory scheme. Finally, it is speculative and lacks foundation to the extent the declarant purports to describe the "Fish and Wildlife officers'" reasons for their actions.

**Plaintiffs' Response to Department's Objection No. 4**

The statement is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the complaint, *see* ECF No. 16, First Amended Complaint (FAC), which are the basis for the motion for preliminary injunction. *See, e.g.*, *Lyons v. England*, 307 F.3d 1092, 1110–12 (9th Cir. 2002) (showing relevant contextual background evidence is admissible). The statement is relevant under the liberal relevance standard of FRE 401 as it provides context for the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative. A district court may consider hearsay when ruling on a motion for

---

[1] Where appropriate, Plaintiffs bracket apparently missing words from the Department's objections, for the benefit of the Court. No changes to the substance of the objections was made.

1  preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant's statement is not speculative as

2  he is stating an opinion that is grounded in his experience of being arrested in 1983. *See Whittemore*,

3  776 F.3d at 1082.

4                                                    ***

5  **5. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶10

6  **Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

7  This paragraph describes statements allegedly made by a warden in 1983. It is also vague as to

8  the identity of the warden, and when and where the event allegedly took place. It is irrelevant

9  because even if true, the alleged search would not have occurred under the challenged regulatory

10  scheme.

11  **Plaintiffs' Response to Department's Objection No. 5**

12  The Department provides no analysis, besides citation to FRE 403, for why this statement is more

13  prejudicial than probative. A district court may consider hearsay in ruling on a motion for

14  preliminary injunction. *Johnson*, 572 F.3d at 1083. The statement is not vague, FRE 602, because

15  it is offered to provide relevant context and background information for the allegations contained

16  in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. The statement is relevant under the liberal

17  relevance standard of FRE 401 as it provides context for the allegations in the FAC. *See, e.g.*, ECF

18  No. 16 ¶ 121.

19                                                   ***

20  **6. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 13

21  **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculation**

22  **(FRE 602, 802)**

23  The declarant's knowledge is based on rumors in the falconry community, of which he has no

24  personal knowledge. It is hearsay and also speculative. Whether something could happen in the

25  falconry community without his knowledge is also speculative.

26  **Plaintiffs' Response to Department's Objection No. 6**

27  The declarant's statement in paragraph 13 is based on personal knowledge communicated directly

28  to him by applicable persons. *See* ECF No. 17-2, Peter Stavrianoudakis decl. ¶ 13. It based on his

"intimate personal knowledge" of the concerns facing the broader falconry community and on his experiences as a falconer. *See* Peter Stavrianoudakis decl. ¶ 14. A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**7. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 15

**Grounds for Objection: Hearsay, lacks foundation, speculation, lacks personal knowledge, vague (FRE 602, 802)**

The declarant describes the feelings of other falconers in the community, of which he has no personal knowledge. It is hearsay and also based on speculation. It is also vague to the extent it purports to quote California Fish and Wildlife Officers because it does not describe who made the alleged quote, where, or when.

**Plaintiffs' Response to Department's Objection No. 7**

The declarant's statement in Peter Stavrianoudakis decl. ¶ 15 is based on personal knowledge communicated directly to him by applicable persons. *Id.* ¶ 15. It based on his "intimate personal knowledge" of the concerns facing the broader falconry community and on his experiences as a falconer. *See* Peter Stavrianoudakis decl. ¶14. The statement is not vague;FRE 602, it is offered to provide direct evidence in support of the motion for preliminary injunction. ECF 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. A district court may consider hearsay in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**8. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 17

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a meeting without explaining exactly when it occurred, who attended, etc.

**Plaintiffs' Response to Department's Objection No. 8**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at

1110–12. This paragraph establishes direct evidence in support of the motion for preliminary injunction. ECF 17-1.

***

**9. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 18

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a hearing without explaining exactly when it allegedly occurred.

**Plaintiffs' Response to Department's Objection No. 9**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. This paragraph establishes context for the allegations in the FAC by explaining the steps the declarant took to avoid this litigation, and by exhausting other available administrative remedies. *See, e.g.*, ECF No. 16 ¶ 121.

***

**10. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 19

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a meeting without explaining exactly when it occurred or whether anyone else attended.

**Plaintiffs' Response to Department's Objection No. 10**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. This paragraph establishes context for the allegations in the FAC by explaining the steps the declarant took to avoid this litigation, by exhausting other available administrative remedies. *See, e.g.*, ECF No. 16 ¶ 121.

***

///

///

///

**11. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 20

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a meeting without explaining exactly when it occurred or whether anyone else attended.

**Plaintiffs' Response to Department's Objection No. 11**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC, *see* ECF No. 16, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. The statement does not seek to describe the meeting. Instead, the declarant provides context for the specific violations alleged in the FAC. *See, e.g.,* ECF No. 16 ¶ 121.

\*\*\*

**12. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 21

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a meeting without explaining exactly when it occurred or whether anyone else attended.

**Plaintiffs' Response to Defendants' Objection No. 12**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. This paragraph provides context for the specific allegations made in the FAC, *see, e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.

\*\*\*

**13. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 22

**Grounds for Objection: Vague, speculative, inflammatory (FRE 401-403, 602)**

This paragraph is vague because it purports to describe a meeting without explaining exactly when it occurred or whether anyone else attended. It also speculates regarding the alleged speaker's motivations, of which the declarant has no personal knowledge. Finally, the unsubstantiated accusations are inflammatory.

**Plaintiffs' Response to Department's Objection No. 13**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC, *see* ECF No. 16, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. The declarant's statement is not speculative as he is stating his perception ("I understood") based on a meeting he personally attended. *See Whittemore*, 776 F.3d at 1082. The statement is relevant under the liberal relevance standard of FRE 401 as it provides context for the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to FRE 403 and an unsupported characterization, for why this statement is more prejudicial than probative.

***

**14. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 23

**Grounds for Objection: Hearsay, lacks personal knowledge, speculative, lacks foundation (FRE 602, 802)**

The declarant describes conversations in the falconry community, of which he has no personal knowledge. It is hearsay and also based on speculation.

**Plaintiffs' Response to Department's Objection No. 14**

The declarant's statement in paragraph 23 is based on personal knowledge communicated directly to him by applicable persons. *See* Peter Stavrianoudakis decl. ¶ 23. It is not speculative and is based on his "intimate personal knowledge" of the concerns facing the broader falconry community and on his experiences as a falconer. *See id.* ¶14. A district court may consider hearsay in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**15. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 24

**Grounds for Objection: Vague (FRE 602)**

This paragraph is vague because it purports to describe a teleconference without explaining exactly when it occurred, what "staff members" attended, etc.

///

**Plaintiffs' Response to Department's Objection No. 15**

This paragraph is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC, *see* ECF No. 16, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12.

\*\*\*

**16. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 25

**Grounds for Objection: Hearsay, lacks personal knowledge, speculative, inflammatory (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged events; his declaration is based purely on hearsay (phone calls and Facebook groups) and speculation.

**Plaintiffs' Response to Department's Objection No. 16**

The declarant's statement in paragraph 25 is based on personal knowledge communicated directly to him by applicable persons. *See* Peter Stavrianoudakis decl. ¶ 25. It based on his "intimate personal knowledge" of the concerns facing the broader falconry community and on his experiences as a falconer. *See* Peter Stavrianoudakis decl. ¶ 14. A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The paragraph is relevant under the liberal relevance standard of FRE 401 as it provides context for the allegations in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which is the basis for the motion for preliminary injunction, *see* ECF No. 17-1. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

\*\*\*

**17. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 26

**Grounds for Objection: Hearsay, lacks personal knowledge, speculation, lacks foundation, inflammatory (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged events; his declaration is based purely on hearsay (phone calls and Facebook groups) and speculation. He also has no personal knowledge or foundation for the reasons behind any inspections conducted by the Department.

**Plaintiffs' Response to Department's Objection No. 17**

The declarant's statement in paragraph 26 is based on personal knowledge communicated directly to him by applicable persons. It based on his "intimate personal knowledge" of the concerns facing the broader falconry community and on his experiences as a falconer. *See* Peter Stavrianoudakis decl. ¶ 14. The paragraph is relevant under the liberal relevance standard of FRE 401 as it provides context for the allegations in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. The Department provide no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative. A district court may consider hearsay in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**18. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 27

**Grounds for Objection: Lacks foundation, speculative (FRE 602)**

The declarant cites no basis for his alleged fears, which are speculative.

**Plaintiffs' Response to Department's Objection No. 18**

Declarant's statement is grounded in his personal experiences and knowledge. FRE 602. This knowledge is based on repeat interaction with the Department, Department officials, and Department staff. *See, e.g.*, *See* Peter Stavrianoudakis decl. ¶¶ 13, 16–25.

***

**19. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 29

**Grounds for Objection: Irrelevant, hearsay, lacks personal knowledge (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged "multiple incidents." As such, the declarant's statements must be based on hearsay. To the extent the declarant describes alleged inspections that occurred before the challenged regulations existed (1983 and 1984), and even in other jurisdictions, they are irrelevant.

**Plaintiffs' Response to Department's Objection No. 19**

The declarant's statement in paragraph 26 is based on personal knowledge which was communicated directly to him by applicable persons and on his personal experience in 1983. *See*

Peter Stavrianoudakis decl. ¶ 14; FRE 602; *Whittemore*, 776 F.3d at 1082. A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The information about events in the 1980s is relevant under the liberal relevance standard of FRE 401 because it provides context directly relevant to the allegations in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1

***

**20. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 33

**Grounds for Objection: Speculative, lacks foundation (FRE 602)**

The declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to him.

**Plaintiffs' Response to Department's Objection No. 20**

Declarant's statement is grounded in his personal experiences and knowledge. FRE 602. It is based on repeat interaction with the Department, Department officials, and Department staff. *See, e.g.,* Peter Stavrianoudakis decl. ¶¶ 13, 16–25. The declarant states well-founded inferences that stem directly from specific events. *See Whittemore*, 776 F.3d at 1082. They go directly to the specific allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 120.

***

**21. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 34

**Grounds for Objection: Speculative, lacks foundation (FRE 602)**

The declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to him.

**Plaintiffs' Response to Department's Objection No. 21**

Declarant's statement is grounded in his personal experiences and knowledge. FRE 602. It is based on repeat interaction with the Department, Department officials, and Department staff. *See, e.g.*, Peter Stavrianoudakis decl. ¶¶ 13, 16–25. The declarant states well-founded inferences that stem directly from specific events. *See Whittemore*, 776 F.3d at 1082. They go directly to the specific allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 120.

1          ***

2     **22. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 35

3     **Grounds for Objection: Hearsay, irrelevant (FRE 401-403, 802)**

4     The paragraph purports to describe conversations between the declarant and his wife, which are

5     hearsay and irrelevant to the instant action.

6     **Plaintiffs' Response to Department's Objection No. 22**

7     A district court may consider hearsay in ruling on a motion for preliminary injunction. *Johnson*,

8     572 F.3d at 1083. The paragraph is relevant under the liberal relevance standard of FRE 401

9     because it provides context directly relevant to the allegations in the FAC, *see e.g.*, ECF No. 16 ¶

10    120, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.

11         ***

12    **23. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 36

13    **Grounds for Objection: Hearsay, vague, lacks foundation, speculative (FRE 602, 802)**

14    The paragraph purports to describe conversations, which are hearsay, between the declarant and

15    unidentified "people" regarding birds.

16    **Plaintiffs' Response to Department's Objection No. 23**

17    A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a

18    motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. Further, the statement is not vague,

19    FRE 602, because it is offered to provide context and background information for the

20    allegations contained in the FAC. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. The statement provides

21    direct evidence relevant to the allegations in the FAC, *see e.g.*, ECF No. 16 ¶¶ 140, 151, which are

22    the basis for the motion for preliminary injunction, *see* ECF No. 17-1. The statement is not

23    speculative; it is direct evidence of the chilling effect of the challenged content-based restrictions.

24         ***

25    **24. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 38

26    **Grounds for Objection: Speculative (FRE 602)**

27    The declarant does not claim he has passed on any opportunities to put a bird in a movie for pay.

28    Such opportunities appear to be speculative.

**Plaintiffs' Response to Department's Objection No. 24**

 The declarant states that if he had the opportunity to use his bird for commercial purposes he "*would absolutely do it*," s*ee* Peter Stavrianoudakis decl. ¶ 38, but for the challenged content-based restrictions. This desire is not speculative; it is clear evidence of the chilling effect of the challenged content-based speech regulations. *See, e.g.*, ECF No. 16 ¶¶ 140, 151.

***

**25. Material Objected To:** Declaration of Peter Stavrianoudakis, ¶ 40

**Grounds for Objection: Lacks foundation, speculative, hearsay (FRE 602, 802)**

Again, this paragraph is based entirely on the statements of falconers, which are hearsay. In addition, the declarant has no personal knowledge of whether any of the falconers mentioned has actually been given an opportunity to use a bird for commercial purposes, so whether they would use their birds' for that purpose without the regulations is speculative.

**Plaintiffs' Response to Department's Objection No. 25**

A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is made upon the declarant's personal knowledge. FRE 602. But for the challenged content-based restrictions, American Falconry Conservancy members personally known by the declarant "would definitely use their birds for commercial purposes unrelated to falconry if the[] speech restrictions did not exist." Peter Stavrianoudakis decl. ¶ 40. The declarant possesses "intimate personal knowledge" of the falconry community. *See id.* ¶ 14.

***

**II.     DECLARATION OF KATHERINE STAVRIANOUDAKIS**

**1. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 3

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative, improper opinion of a lay witness (FRE 602, 701-702, 802)**

The declarant's statements appear to be based entirely on conversations with her spouse. The declarant appears to have no personal knowledge of the regulatory scheme, and her testimony regarding constitutional rights constitutes improper opinion of a lay witness.

1    **Plaintiffs' Response to Department's Objection No. 1**

2    A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a

3    motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant personally learned of

4    the effects of the regulatory scheme in 2015. *See* FRE 602; ECF No. 17-3 Katherine Stavrianoudakis

5    decl. ¶ 3. The declarant is not offering a legal conclusion, but her perception based upon her personal

6    knowledge. FRE 701. Declarant does not, and does not purport to, offer expert testimony under

7    FRE 702.

8                                                    \*\*\*

9    **2. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 4

10   **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative,**

11   **improper opinion of a lay witness (FRE 602, 701-702, 802)**

12   The declarant's statements appear to be based entirely on conversations with her spouse. The

13   declarant appears to have no personal knowledge of the regulatory scheme, and her testimony

14   regarding constitutional rights constitutes improper opinion of a lay witness. In addition, the

15   declarant's feelings are based on unfounded speculation regarding might what happen, not what has

16   happened, to her.

17   **Plaintiffs' Response to Department's Objection No. 2**

18   A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a

19   motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant personally learned of

20   the effects of the regulatory scheme in 2015. *See* FRE 602; Katherine Stavrianoudakis decl. ¶ 3.

21   The declarant is not offering a legal conclusion, but her perception based upon her personal

22   knowledge. FRE 701. Declarant does not, and does not purport to, offer expert testimony under

23   FRE 702.

24                                                   \*\*\*

25   ///

26   ///

27   ///

28   ///

**3. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 6

**Grounds for Objection: Hearsay, lacks foundation, lacks personal knowledge, speculative (FRE 602, 802)**

The declarant's statements are based entirely on hearsay. The declarant has no personal knowledge of the alleged inspections referenced, at least one of which would not have been performed under the current regulatory scheme. In addition, the declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to her.

**Plaintiffs' Response to Department's Objection No. 3**

A district court may consider hearsay and other ordinarily inadmissible evidence in ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant personally learned of the effects of the regulatory scheme in 2015. *See* Katherine Stavrianoudakis decl. ¶ 3; FRE 602. The declarant is not offering a legal conclusion, but her perception based upon her personal knowledge. FRE 701. Declarant does not, and does not purport to, offer expert testimony under FRE 702. Her statement is direct evidence of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶ 128–29.

***

**4. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 7

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative (FRE 602, 802)**

The declarant's concerns are based entirely on hearsay and matters regarding which she has no personal knowledge. The declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to her.

**Plaintiffs' Response to Department's Objection No. 4**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. Her conclusions are not speculative, they are based on personal knowledge communicated directly to her by applicable persons. Katherine Stavrianoudakis decl. ¶ 3; FRE 602. Her statement is direct evidence of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶ 128–29.

***

///

**5. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 8

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative, inflammatory (FRE 401-403, 602, 802)**

The declarant's concerns are based entirely on hearsay and matters regarding which she has no personal knowledge. The declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to her.

**Plaintiffs' Response to Department's Objection No. 5**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. Her conclusions are not speculative, they are based on personal knowledge communicated directly to her by applicable persons. Katherine Stavrianoudakis decl. ¶ 3; FRE 602. Her fears of being subject to these searches are well grounded in her knowledge of the regulations and their enforcement. FRE 602; 701. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

**6. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 9

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative, inflammatory (FRE 401, 403, 602, 802)**

The declarant's concerns are based entirely on hearsay and matters regarding which she has no personal knowledge. The declarant's feelings are based on unfounded speculation regarding what might happen, not what has happened, to her.

**Plaintiffs' Response to Department's Objection No. 6**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. Her conclusions are not speculative, they are based on personal knowledge communicated directly to her by applicable persons. Katherine Stavrianoudakis decl. ¶ 3; FRE 602. Her fears of being subject to these searches are well grounded in her knowledge of the regulations and their enforcement. FRE 602; 701. The paragraph is relevant under the liberal relevance standard of FRE 401 because it provides context for the specific violations alleged in the FAC, *see e.g.*, ECF No. 16 ¶¶128–29, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.

1  The Department provides no analysis, besides citation to FRE 403, for why this statement is more

2  prejudicial than probative.

3                                                   ***

4  **7. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 10

5  **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative,**

6  **inflammatory (FRE 401-403, 602, 802)**

7  The declarant's concerns are based entirely on hearsay and matters regarding which she has no

8  personal knowledge. The declarant's feelings are based on unfounded speculation regarding what

9  might happen, not what has happened, to her.

10  **Plaintiffs' Response to Department's Objection No. 7**

11  A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*,

12  572 F.3d at 1083. Her conclusions are not speculative, they are based on personal knowledge

13  communicated directly to her by applicable persons. Katherine Stavrianoudakis decl. ¶ 3; FRE 602.

14  Her fears of being subject to these searches are well grounded in her knowledge of the regulations

15  and their enforcement. FRE 602; 701. The paragraph is relevant under the liberal relevance standard

16  of FRE 401 because it provides direct evidence in support of the motion for preliminary injunction,

17  *see* ECF No. 17-1, and  for the Fourth Amendment allegations in the FAC, *see, e.g.*, ECF No. 16

18  ¶¶128–29. The Department provides no analysis, besides citation to FRE 403 for why this statement

19  is more prejudicial than probative.

20                                                  ***

21  **8. Material Objected To:** Declaration of Katherine Stavrianoudakis, ¶ 11

22  **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative,**

23  **inflammatory (FRE 401-403, 602, 802)**

24  The declarant's concerns are based entirely on hearsay and matters regarding which she has no

25  personal knowledge. The declarant's feelings are based on unfounded  speculation regarding what

26  might happen, not what has happened, to her.

27  ///

28  ///

**Plaintiffs' Response to Department's Objection No. 8**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. Her conclusions are not speculative, they are based on personal knowledge communicated directly to her by applicable persons. Katherine Stavrianoudakis decl. ¶ 3; FRE 602. Her fears of being subject to these searches are well grounded in her knowledge of the regulations and their enforcement. FRE 602; 701. The paragraph is relevant under the liberal relevance standard of FRE 401 because it provides direct evidence in support of the motion for preliminary injunction, *see* ECF No. 17-1, and  for the Fourth Amendment allegations in the FAC, *see, e.g.*, ECF No. 16 ¶¶128–29. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

### III.    OBJECTIONS TO DECLARATION OF SCOTT TIMMONS

**1. Material Objected To:** Declaration of Scott Timmons, ¶ 3

**Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

This paragraph purports to describe events in 1992, but is vague as to who was allegedly involved, when exactly the event allegedly took place, and where the event allegedly occurred. This paragraph describes statements allegedly made by the declarant's mother in 1992, which are hearsay. Finally, it is irrelevant because even if true, the alleged inspection would not have occurred under the challenged regulatory scheme.

**Plaintiffs' Response to Department's Objection No. 1**

The statement is not vague, FRE 602, because it is offered to provide relevant context and background information for the allegations contained in the FAC, *see e.g.*, ECF No. 16, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The paragraph is relevant under the liberal relevance standard of FRE 401 because it provides relevantcontext relevant to proving the truth of the allegations in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at 1110–12. The Department provides no analysis, besides

1  citation to FRE 403, for why this statement is more prejudicial than probative.

2  **2. Material Objected To:** Declaration of Scott Timmons, ¶ 5

3  **Grounds for Objection: Hearsay, lacks foundation, lacks personal knowledge, speculative,**
4  **irrelevant (FRE 401-403, 602, 802)**

5  This paragraph purports to describe events in 1992, but is vague as to who was allegedly involved,
6  when exactly the event allegedly took place, and where the event allegedly occurred. This
7  paragraph describes statements allegedly made by an unidentified Department officer in 1992,
8  which are hearsay. It is irrelevant because even if true, the alleged inspection would not have
9  occurred under the challenged regulatory scheme. Finally, the declarant speculates regarding the
10  officers' motivations for the inspection.

11  **Plaintiffs' Response to Department's Objection No. 5**

12  The statement is not vague, FRE 602, because it is offered to provide context and background
13  information for the allegations contained in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the
14  basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g.*, *Lyons*, 307 F.3d at
15  1110–12. A district court may consider hearsay when ruling on a motion for preliminary injunction.
16  *Johnson*, 572 F.3d at 1083. The paragraph is relevant under the liberal FRE 401 standard for
17  relevance because it provides important context relevant to proving the truth of the allegations in
18  the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to
19  FRE 403, for why this statement is more prejudicial than probative. Declarant's statement is not
20  speculative; it is based on personal knowledge grounded in his experience of events that occurred
21  at his mother's house in 1992. *See Whittemore*, 776 F.3d at 1082.

22                                        ***

23  **3. Material Objected To:** Declaration of Scott Timmons, ¶ 6

24  **Grounds for Objection: Hearsay, lacks foundation, lacks personal knowledge, irrelevant**
25  **(FRE 401-403, 602, 802)**

26  This paragraph purports to describe conversations with his mother and his mother's feelings
27  following alleged events in 1992, and therefore is based on hearsay. The declarant has no personal
28  knowledge of his mother's feelings; ;t is irrelevant because even if true, the alleged inspection

1  would not have occurred under the challenged regulatory scheme.

2  **Plaintiffs' Response to Department's Objection No. 6**

3  A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*,

4  572 F.3d at 1083. The paragraph is relevant under the liberal FRE 401 relevance standard because

5  it provides important context relevant to proving the truth of the allegations made in the FAC, *see*

6  *e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No.

7  17-1. The Department provides no analysis, besides citation to FRE 403, for why this statement is

8  more prejudicial than probative. Declarant's statement is not speculative; it is

9  based on personal knowledge grounded in his experience of events that occurred at his mother's

10  house in 1992. *See Whittemore*, 776 F.3d at 1082.

11                                            ***

12  **4. Material Objected To:** Declaration of Scott Timmons, ¶ 7

13  **Grounds for Objection: Lacks foundation, lacks personal knowledge, speculative, irrelevant,**

14  **inflammatory (FRE 401-403, 602)**

15  The declarant has no foundation for his opinion, or personal knowledge regarding, the "mindset"

16  of any Department employee. His testimony on this point is pure speculation. In addition, the

17  declarant's statements regarding an alleged inspection in 1992 are irrelevant because even if true,

18  the alleged inspection would not have occurred under the challenged regulatory scheme.

19  **Plaintiffs' Response to Department's Objection No. 4**

20  The declarant's statement is not speculative, it is grounded in his experience of events and the

21  condition he witnessed his falcon in. *See Whittemore*, 776 F.3d at 1082. The paragraph is relevant

22  under the liberal FRE 401 standard for relevance because it provides important context relevant to

23  proving the truth of the allegations made in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the

24  basis for the motion for preliminary injunction, *see* ECF No. 17-1. The Department provides no

25  analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

26                                            ***

27  ///

28  ///

**5. Material Objected To:** Declaration of Scott Timmons, ¶ 8

**Grounds for Objection: Lacks foundation, inflammatory, irrelevant (FRE 401-403, 602)**

The declarant makes accusations regarding alleged discrimination without any foundation or substantiation. Further, to the extent the declarant's statements are based on alleged events that would have occurred before the challenged regulatory scheme took effect, they are irrelevant.

**Plaintiffs' Response to Department's Objection No. 5**

Declarant's statement is not speculative; it is based on personal knowledge grounded in his experiences as a falconer. *Whittemore*, 776 F.3d at 1082. The statement is relevant under the liberal relevance standard of FRE 401 as it provides context for the allegations in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

*** 

**6. Material Objected To:** Declaration of Scott Timmons, ¶ 10

**Grounds for Objection: Irrelevant (FRE 401-403)**

The declarant discusses activities under an abatement permit, which is subject to a different set of regulations than the falconry regulations challenged here.

**Plaintiffs' Response to Department's Objection No. 6**

The declarant is describing the chilling effect of the challenged content-based speech restrictions on his ability to communicate regarding his falconry birds *while* performing the *separate* activity of abatement. Abatement permits or what they authorize is irrelevant to the effect of the restrictions the declarant describes. This information is directly relevant because it speaks directly to the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶140, 151. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

///

///

///

**7. Material Objected To:** Declaration of Scott Timmons, ¶ 11

**Grounds for Objection: Irrelevant (FRE 401-403)**

The declarant discusses activities under an abatement permit, which is subject to a different set of regulations than the falconry regulations challenged here.

**Plaintiffs' Response to Department's Objection No. 7**

The declarant is describing the chilling effect of the challenged content-based speech restrictions on his ability to communicate regarding his falconry birds *while* performing the *separate* activity of abatement. Abatement permits or what they authorize is irrelevant to the effect of the restrictions the declarant describes. This information is directly relevant because it speaks directly to the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶140, 151. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

**8. Material Objected To:** Declaration of Scott Timmons, ¶ 12

**Grounds for Objection: Improper lay opinion, irrelevant (FRE 401-403, 602, 701-702)**

The declarant discusses activities under an abatement permit, which is subject to a different set of regulations than the falconry regulations challenged here. To the extent he purports to opine on the legal requirements, the paragraph includes improper lay opinion.

**Plaintiffs' Response to Department's Objection No. 8**

The declarant is describing the chilling effect of the challenged content-based speech restrictions on his ability to communicate regarding his falconry birds *while* performing the *separate* activity of abatement. Abatement permits or what they authorize is irrelevant to the effect of the restrictions the declarant describes. This information is directly relevant because it is direct evidence proving the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶ 140, 151. The declarant is not offering a legal conclusion or expert opinion under FRE 702, but an opinion based upon his personal knowledge under FRE 701.

***

*///*

*///*

1    **9. Material Objected To:** Declaration of Scott Timmons, ¶ 14

2    **Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

3    This paragraph describes statements allegedly made over the phone [and] is therefore hearsay. It

4    is also vague as to the identity of the alleged staff member, and when the phone call allegedly took

5    place. It is irrelevant because even if true, abatement permits are subject to a different regulatory

6    scheme.

7    **Plaintiffs' Response to Department's Objection No. 9**

8    A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*,

9    572 F.3d at 1083. The statement is not vague, FRE 602, because it provides direct evidence for the

10   allegations contained in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion

11   for preliminary injunction, *see* ECF No. 17-1. *See*, *e.g., Lyons*, 307 F.3d at 1110–12. The declarant

12   is describing the chilling effect of the challenged content-based speech restrictions on his ability to

13   communicate regarding his falconry birds *while* performing the *separate* activity of abatement.

14   Abatement permits or what they authorize are irrelevant to the effect of the restrictions the declarant

15   describes. This information is directly relevant because it speaks to the allegations in the FAC, *see*

16   ECF No. 16 ¶¶140, 151, which are the basis for the motion for preliminary injunction, *see* ECF No.

17   17-1  The Department provides no analysis, besides citation to FRE 403, for why this statement is

18   more prejudicial than probative.

19                                                          ***

20   **10. Material Objected To:** Declaration of Scott Timmons, ¶ 15

21   **Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

22   This paragraph describes statements allegedly made over the phone [and] is therefore hearsay. It is

23   also vague as to the identity of the alleged staff member, and when the phone call allegedly took

24   place. It is irrelevant because even if true, abatement permits are subject to a different regulatory

25   scheme.

26   ///

27   ///

28   ///

**Plaintiffs' Response to Department's Objection No. 10**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The statement is not vague, FRE 602, because it is offered to provides direct evidence for the allegations contained in the FAC, *see* ECF No. 16 ¶¶140, 151, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1. *See, e.g., Lyons*, 307 F.3d at 1110–12. The declarant is describing the chilling effect of the challenged content-based speech restrictions on his ability to communicate regarding his falconry birds *while* performing the *separate* activity of abatement. Abatement permits or what they authorize are irrelevant to the effect of the restrictions the declarant describes. This information is directly relevant because it speaks directly to the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶140, 151. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

**11. Material Objected To:** Declaration of Scott Timmons, ¶ 16

**Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

This paragraph describes statements allegedly made over the phone [and] is therefore hearsay. It is also vague as to the identity of the alleged staff member, and when the phone call allegedly took place. It is irrelevant because even if true, abatement permits are subject to a different regulatory scheme.

**Plaintiffs' Response to Department's Objection No. 11**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The statement is not vague, FRE 602, because it is offered to provide direct evidencefor the allegations contained in the FAC, *see e.g.*, ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.The declarant is describing the chilling effect of the challenged content-based speech restrictions on his ability to communicate regarding his falconry birds while performing the separate activity of abatement. Abatement permits or what they authorize are irrelevant to the effect of the restrictions the declarant describes. This information

///

///

1  is directly relevant because it speaks directly to the allegations in the FAC. *See, e.g.*, ECF No. 16

2  ¶¶ 140, 151. The Department provides no analysis, besides citation to FRE 403, for why this

3  statement is more prejudicial than probative.

4  ***

5  **12. Material Objected To:** Declaration of Scott Timmons, ¶ 17

6  **Grounds for Objection: Improper lay opinion (FRE 602, 701-702)**

7  This paragraph appears to include the declarant's questions regarding the law. To the extent he

8  purports to describe the law, it constitutes improper opinion of a lay witness.

9  **Plaintiffs' Response to Department's Objection No. 12**

10  The declarant is not offering a legal conclusion but an opinion based upon his personal knowledge

11  of the facts. FRE 602. This is a permissible opinion under FRE 701. He may offer this knowledge

12  as an opinion. *See Whittemore*, 776 F.3d at 1082.

13  ***

14  **13. Material Objected To:** Declaration of Scott Timmons, ¶ 18

15  **Grounds for Objection: Hearsay, vague, irrelevant (FRE 401-403, 602, 802)**

16  The paragraph purports to describe calls, which are hearsay, between the declarant and unidentified

17  "individuals in the entertainment industry" regarding birds. It is irrelevant because even if true,

18  abatement permits are subject to a different regulatory scheme.

19  **Plaintiffs' Response to Department's Objection No. 13**

20  A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*,

21  572 F.3d at 1083. The declarant is describing the chilling effect of the challenged content-based

22  speech restrictions on his ability to communicate regarding his falconry birds *while* performing the

23  *separate* activity of abatement. Abatement permits or what they authorize are irrelevant to the effect

24  of the restrictions the declarant describes. This information is directly relevant because it speaks

25  directly to the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶ 140, 151. The Department provides

26  no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

27  The Department cites to FRE 602 but offers no explanation as to why they dispute the declarant's

28  personal knowledge of these facts.

\*\*\*

**14. Material Objected To:** Declaration of Scott Timmons, ¶ 20

**Grounds for Objection: Improper lay opinion (FRE 602, 701-702)**

To the extent the declarant purports to describe the law, his statement constitutes improper opinion of a lay witness.

**Plaintiffs' Response to Department's Objection No. 14**

The declarant is not offering a legal conclusion but an opinion based upon his personal knowledge of the facts. FRE 602. This is permissible opinion testimony under FRE Rule 701. He has personal knowledge of the effect of the regulations and he may offer this knowledge as an opinion. *See Whittemore*, 776 F.3d at 1082.

\*\*\*

**15. Material Objected To:** Declaration of Scott Timmons, ¶ 22

**Grounds for Objection: Hearsay, vague, speculative, improper lay opinion (FRE 602, 701-702, 802 )**

The paragraph purports to describe conversations, which are hearsay, between the declarant and "local wine-tasting rooms" regarding birds. To the extent the declarant purports to describe the law, his statement constitutes improper opinion of a lay witness.

**Plaintiffs' Response to Department's Objection No. 15**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant is not offering a legal conclusion but an opinion based upon his personal knowledge of the facts. FRE 602. This is a permissible opinion under FRE 701. He has personal knowledge of the effect of the regulations and he may offer this knowledge as an opinion. *See Whittemore*, 776 F.3d at 1082. The statement is neither vague nor speculative, FRE 602, and is direct evidence of the chilling effect of the challenged content-based restrictions. *See, e.g.*, ECF No. 17-4 ¶ 22, Scott Timmons decl. ("But for the speech regulations I would be able to make money sharing the sport of falconry in this context.").

\*\*\*

///

**16. Material Objected To:** Declaration of Scott Timmons, ¶ 23

**Grounds for Objection: Hearsay, vague, speculative, improper lay opinion (FRE 602, 802)**

The paragraph purports to describe "opportunities," the communication of which is hearsay. It is also vague as to what the alleged opportunities were.

**Plaintiffs' Response to Department's Objection No. 16**

A district court may consider hearsay and other ordinarily inadmissible evidence when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant is not offering a legal conclusion but is describing the steps he took to comply with the regulatory scheme. FRE 602. This is a permissible opinion under FRE 701. The description of the opportunities is neither vague nor speculative, FRE 602; it is direct evidence of the chilling effect of the challenged content-based restrictions. *See, e.g.*, Scott Timmons decl. ¶ 22.

***

**IV.    OBJECTIONS TO DECLARATION OF RON KEARNY**

**1. Material Objected To:** Declaration of Ron Kearny, ¶ 6

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, improper lay opinion (FRE 602, 701-702, 802)**

This paragraph does not appear to be based on personal knowledge but rather rumors in the falconry community, which are hearsay, as well as improper legal opinion.

**Plaintiffs' Response to Department's Objection No. 1**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. The declarant is not offering a legal conclusion but an opinion based upon his personal knowledge of the facts. FRE 602. This is a permissible opinion under FRE 701. These are not rumors; they are based on his own experience as a falconer and upon personal knowledge communicated directly to him by applicable persons. *See, e.g.*, ECF No. 17-5 ¶ 14, Ron Kearny decl.. He may offer this knowledge as an opinion. *See Whittemore*, 776 F.3d at 1082.

***

///

///

**2. Material Objected To:** Declaration of Ron Kearny, ¶ 7

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation (FRE 602, 802)**

This paragraph does not appear to be based on personal knowledge but rather rumors in the falconry community, which are hearsay.

**Plaintiffs' Response to Department's Objection No. 2**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. These are not rumors; they are based on his own experience as a falconer and upon personal knowledge communicated directly to him by applicable persons. *See, e.g.*, Ron Kearny decl. ¶ 14. He may offer this knowledge as an opinion. *See Whittemore*, 776 F.3d at 1082.

***

**3. Material Objected To:** Declaration of Ron Kearny, ¶ 8

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, irrelevant (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged Colorado inspection. As such, the declarant's statements must be based on hearsay. To the extent the declarant describes an inspection that allegedly occurred before the challenged regulations existed (2004) and in another jurisdiction (Colorado), it is irrelevant.

**Plaintiffs' Response to Department's Objection No. 3**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is based on personal knowledge communicated directly to him by applicable persons. *See, e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these events. *See id.* ¶ 7. He may offer this knowledge as an opinion. *See Whittemore*, 776 F.3d at 1082. The statement is directly relevant under FRE 401 as it speaks to the truth of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

///

///

**4. Material Objected To:** Declaration of Ron Kearny, ¶ 9

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, irrelevant (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged inspection. As such, the declarant's statements must be based on hearsay. To the extent the declarant describes an inspection that allegedly occurred before the challenged regulations existed (2004) and in another jurisdiction (Washington), it is irrelevant.

**Plaintiffs' Response to Department's Objection No. 4**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is based on personal knowledge communicated directly to him by applicable persons. FRE 602. He has declared his personal knowledge of these events. *See* Ron Kearny decl. ¶ 7. The statement is directly relevant under FRE 401 as it speaks to the truth of the allegations regarding the widespread nature, federal support, and frequency of the warrantless searches alleged in the FAC. *See*, *e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

\*\*\*

**5. Material Objected To:** Declaration of Ron Kearny, ¶ 10

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, irrelevant (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged operation. As such, the declarant's statements must be based on hearsay. To the extent the declarant describes an operation that allegedly occurred before the challenged regulations existed (1980s) and in another jurisdiction[s], it is irrelevant.

**Plaintiffs' Response to Department's Objection No. 5**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is based on personal knowledge communicated directly to him by applicable persons and on his own experience as a falconer. *See*, *e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these matters. *See id.*¶ 1. The statement is directly relevant

under FRE 401 as it speaks to the truth of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provide no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

**6. Material Objected To:** Declaration of Ron Kearny, ¶ 11

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, irrelevant (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged operation. As such, the declarant's statements must be based on hearsay. To the extent the declarant describes an operation that allegedly occurred before the challenged regulations existed (1980s) and in another jurisdiction[s], it is irrelevant.

**Plaintiffs' Response to Department's Objection No. 6**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is based on personal knowledge communicated directly to him by applicable persons and on his own experience as a falconer. *See, e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these matters. *See* Ron Kearny decl. ¶ 1. The statement is directly relevant to the truth of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121; FRE 401. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

**7. Material Objected To:** Declaration of Ron Kearny, ¶ 15

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative (FRE 602, 802)**

The declarant purports to describe what other falconers know and how they feel, matters of which he has no personal knowledge and can only speculate.

**Plaintiffs' Response to Department's Objection No. 7**

A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083. This statement is not speculative; it is based on personal knowledge

1  communicated directly to him by applicable persons and on his own experience as a falconer. *See,*

2  *e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these matters. *See id.* ¶ 1.

3  ***

4  **8. Material Objected To:** Declaration of Ron Kearny, ¶ 16

5  **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative**

6  **(FRE 602, 802)**

7  The paragraph appears to be based entirely on the experiences of other falconers, not personal

8  knowledge. As such, it appears to be based on hearsay, lacks foundation, and is speculative.

9  **Plaintiffs' Response to Department's Objection No. 8**

10  A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*,

11  572 F.3d at 1083. This statement is not speculative; it is based on personal knowledge

12  communicated directly to him by applicable persons and on his own experience as a falconer. *See,*

13  *e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these matters. *See id.* ¶ 1.

14  ***

15  **9. Material Objected To:** Declaration of Ron Kearny, ¶ 17

16  **Grounds for Objection: Vague, improper lay opinion (FRE 602, 701-702)**

17  The declarant does not explain why or how he was allegedly forced to revise his presentation. To

18  the extent he purports to describe the content of the regulations, his statements constitute improper

19  lay opinion.

20  **Plaintiffs' Response to Department's Objection No. 9**

21  The declarant is not offering a legal conclusion; he is describing the chilling effect of the challenged

22  content-based speech restrictions on his ability to communicate regarding his falconry birds *while*

23  performing the *separate* activity of abatement. Abatement permits or what they authorize are

24  irrelevant to the effect of the restrictions the declarant describes. This information is directly

25  relevant because it speaks directly to the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶¶ 140, 151.

26  He has personal knowledge of the effect of the regulations and he may offer this knowledge as an

27  opinion. *See* FRE 701; *Whittemore*, 776 F.3d at 1082. The statement is not vague, FRE 602, because

28  ///

the precise nature of the revisions are not relevant, merely that he was forced to censor himself due to the challenged content-based restrictions. *See* FRE 401.

\*\*\*

**10. Material Objected To:** Declaration of Ron Kearny, ¶ 18

**Grounds for Objection: Vague, speculative (FRE 602)**

The declarant cites no specific opportunities that he has allegedly passed on as a result of the regulations. As such, his statements are purely speculative.

**Plaintiffs' Response to Department's Objection No. 10**

The declarant states that if he had the opportunity to use his bird for non-falconry-related speech, he would do it, "but for" the challenged content-based restrictions. Ron Kearny decl. ¶ 18. This desire is neither vague nor speculative, FRE 602; it is clear evidence of the chilling effect of the challenged regulations.

\*\*\*

**11. Material Objected To:** Declaration of Ron Kearny, ¶ 19

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative (FRE 602, 802)**

This paragraph is based entirely on the impressions of falconers, which are hearsay and regarding which the declarant has no personal knowledge. Further, the allegations lack foundation and are speculative.

**Plaintiffs' Response to Department's Objection No. 11**

This statement is not speculative; it is based on personal knowledge communicated directly to him by applicable persons and on his own experience as a falconer. *See, e.g.*, Ron Kearny decl. ¶ 14. He has declared his personal knowledge of these matters. *See id.* ¶ 1. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

\*\*\*

///

///

///

## V.   OBJECTIONS TO DECLARATION OF BRIDGET ROCHEFORD-KEARNY

**1. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 3

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative (FRE 602, 802)**

This paragraph is based entirely on the impressions of falconers, which are hearsay and regarding which the declarant has no personal knowledge. Further, the allegations lack foundation and are speculative.

**Plaintiffs' Response to Department's Objection No. 1**

The statement is not based entirely on the impressions of other falconers; it is based on personal knowledge communicated directly to the declarant by applicable persons and on her own experience as a falconer. ECF No. 17-6 ¶ 2, Bridget Rocheford-Kearny decl.. She has declared her ability to testify to her knowledge of these facts. *See* Bridget Rocheford-Kearny decl. ¶ 1. The paragraph is not speculative, it is grounded in specific observations of the declarant. *See Whittemore*, 776 F.3d at 1082. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**2. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 8

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative, irrelevant (FRE 401-403, 602, 802)**

The declarant has no personal knowledge of the alleged Colorado inspection. The declarant's statements are based on alleged emails, which are hearsay. To the extent the declarant describes an inspection that allegedly occurred before the challenged regulations existed and in another jurisdiction, the paragraph is irrelevant.

**Plaintiffs' Response to Department's Objection No. 2**

The statement is based on personal knowledge communicated directly to the declarant by applicable persons and on her own experience as a falconer. *See* Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify as to her knowledge of these. *See id.* ¶ 1. The paragraph is relevant under the liberal FRE 401 relevance standard as it provides direct evidence supporting the truth of

1   the allegations in the FAC, *see* ECF No. 16 ¶ 121, which are the basis for the motion for preliminary

2   injunction, *see* ECF No. 17-1. The Department provides no analysis, besides citation to FRE 403,

3   for why this statement is more prejudicial than probative. A district court may consider hearsay

4   when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

5                                                      ***

6   **3. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 9

7   **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative,**

8   **irrelevant (FRE 401-403, 602, 802)**

9   The declarant appears to have no personal knowledge of the alleged 2009 inspection. The

10  declarant's statements appear to be based on hearsay, and describes phone calls, which are hearsay.

11  To the extent the declarant describes an inspection that allegedly occurred before the challenged

12  regulations existed, and possibly in another jurisdiction, the paragraph is irrelevant.

13  **Plaintiffs' Response to Department's Objection No. 3**

14  The statement is based on personal knowledge communicated directly to the declarant by applicable

15  persons and on her own experience as a falconer. *See, e.g.*, Bridget Rocheford-Kearny decl. ¶ 2.

16  She has declared her ability to testify as to her knowledge of these. *See id.* ¶ 1. The statement is

17  relevant under the liberal FRE 401 relevance standard as it provides direct evidence supporting the

18  truth of the allegations in the FAC, *see* ECF No. 16 ¶ 121, which are the basis for the motion for

19  preliminary injunction, *see* ECF No. 17-1. The Department provides no analysis, besides citation

20  to FRE 403, for why this statement is more prejudicial than probative. A district court may consider

21  hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

22  **4. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 10

23  **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative,**

24  **irrelevant (FRE 401-403, 602, 802)**

25  The declarant has no personal knowledge of the alleged operation. As such, the declarant's

26  statements must be based on hearsay. To the extent the declarant describes an operation that

27  allegedly occurred before the challenged regulations existed (1980s) and in other jurisdictions, it

28  ///

is irrelevant. Further, the declarant speculates, without any foundation, regarding the alleged motivations of the mentioned authorities.

**Plaintiffs' Response to Department's Objection No. 4**

The statement is based on personal knowledge communicated directly to the declarant by applicable persons and on her own experience as a falconer. *See, e.g.*, Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify to her knowledge of these facts. *See id.* ¶ 1. The declarant may offer an inference which is grounded in her personal experience; this inference is well founded and is not speculative. *See Whittemore*, 776 F.3d at 1082. The statement is relevant under the liberal FRE 401 relevance standard as it provides direct evidence supporting the truth of the allegations in the FAC, *see* ECF No. 16 ¶ 121, which are the basis for the motion for preliminary injunction, *see* ECF No. 17-1.  The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**5. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 11

**Grounds for Objection: Irrelevant (FRE 401-403)**

To the extent the book referenced describes an operation that allegedly occurred before the challenged regulations existed (1980s) and in other jurisdictions, it is irrelevant.

**Plaintiffs' Response to Department's Objection No. 5**

The statement is relevant under the liberal FRE 401 relevance standard as it provides context to support the truth of the allegations in the FAC. *See, e.g.*, ECF No. 16 ¶ 121. The Department provides no analysis, besides citation to FRE 403, for why this statement is more prejudicial than probative.

***

///

///

///

///

1   **6. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 12

2   **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative**

3   **(FRE 602, 802)**

4   It is not at all clear what these statements are based on. The declarant does not appear to have any

5   personal knowledge of these matters and her statements appear to be based on hearsay.

6   **Plaintiffs' Response to Department's Objection No. 6**

7   The statement is based on personal knowledge the declarant has gained within the falconry

8   community. *See, e.g.*, Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify to

9   her knowledge of these facts and she may offer this knowledge as an opinion. *See id.* ¶ 1;

10   *Whittemore*, 776 F.3d at 1082. A district court may consider hearsay when ruling on a motion for

11   preliminary injunction. *Johnson*, 572 F.3d at 1083.

12   ***

13   **7. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 13

14   **Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative**

15   **(FRE 602, 802)**

16   It is not at all clear what these statements are based on. The declarant does not appear to have any

17   personal knowledge of these matters and her statements appear to be based on hearsay.

18   **Plaintiffs' Response to Department's Objection No. 7**

19   The statement is based on personal knowledge the declarant has gained within the falconry

20   community. *See, e.g.*, Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify to

21   her knowledge of these facts and she may offer this knowledge as an opinion. *See id.* ¶ 1;

22   *Whittemore*, 776 F.3d at 1082. A district court may consider hearsay when ruling on a motion for

23   preliminary injunction. *Johnson*, 572 F.3d at 1083.

24   ***

25   ///

26   ///

27   ///

28   ///

**8. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 14

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative, vague (FRE 602, 802)**

To the extent this paragraph purports to describe conversations between the American Falconry Conservancy and "Fish and Wildlife agents," it contains hearsay. It does not specify who was privy to these conversations, but it appears the declarant was not. Therefore, she lacks personal knowledge and [this] constitutes speculation.

**Plaintiffs' Response to Department's Objection No. 8**

The statement is based on personal knowledge the declarant has gained within the falconry community. *See, e.g*., Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify to her knowledge of these facts and she may offer this knowledge as an opinion. *See id.* ¶ 1; FRE 701; *Whittemore*, 776 F.3d at 1082. The statement is not speculative as it is grounded in her personal experiences as a *founding member* of the American Falconry Conservancy with personal knowledge of these facts. *See* Bridget Rocheford-Kearny decl. ¶ 2; FRE 602. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

\*\*\*

**9. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 15

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation, speculative (FRE 602, 802)**

This paragraph is based entirely on the impressions of falconers, which are hearsay and regarding which the declarant has no personal knowledge. Further, the allegations regarding what "Fish and Wildlife" would do and regarding the agencies' motivations lack foundation and are speculative.

**Plaintiffs' Response to Department's Objection No. 9**

The statement is based on personal knowledge communicated directly to the declarant by applicable persons based on her own experience within the falconry community. *See, e.g*., Bridget Rocheford-Kearny decl. ¶ 2. She has declared her ability to testify to her knowledge of these facts and she may offer this knowledge as an opinion. *See id.*. ¶ 1; *Whittemore*, 776 F.3d at 1082; FRE 701. She does not speculate as to the motivations of the Department but offers her own opinion based on her

personal experience. FRE 602; 701. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

***

**10. Material Objected To:** Declaration of Bridget Rocheford-Kearny, ¶ 16

**Grounds for Objection: Hearsay, lacks personal knowledge, lacks foundation (FRE 602, 802)**

The declarant apparently has no personal knowledge of these matters and presumably bases her statements on conversations with other falconers, which are hearsay.

**Plaintiffs' Response to Department's Objection No. 10**

The statement is based on personal knowledge communicated directly to the declarant by applicable persons and on her own experience as a falconer. *See, e.g.*, Bridget Rocheford-Kearny decl. ¶ 2. A district court may consider hearsay when ruling on a motion for preliminary injunction. *Johnson*, 572 F.3d at 1083.

DATED: March 29, 2019.

Respectfully submitted,

TIMOTHY R. SNOWBALL
ANTHONY L. FRANÇOIS
JAMES M. MANLEY (*Pro Hac Vice*)

By: s/Timothy R. Snowball
    TIMOTHY R. SNOWBALL

Attorneys for Plaintiffs