UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STAVRIANOUDAKIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF FISH & WILDLIFE, et al.,<br><br>Defendants. | Case No. 1:18-cv-01505-LJO-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>(Doc. No. 51) |

Currently before the Court is a motion to stay discovery filed by Defendants United States Department of Fish and Wildlife Service, Margaret Everson in her official capacity as the Principal Deputy Director of the U.S. Fish and Wildlife Service, and Charlton Bonham in his official capacity as the Director of the California Department of Fish and Wildlife ("Defendants"). (Doc. No. 51.) Plaintiffs Peter Stavrianoudakis, Katherine Stavrianoudakis, Eric Ariyoshi, Scott Timmons, and American Falconry Conservancy ("Plaintiffs") filed an opposition on November 27, 2019, and Defendants replied on December 13, 2019. (Doc. Nos. 52, 56.)

The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for December 20, 2019. (Doc. No. 57.) Having considered the motion, the opposition, the reply, the parties' arguments, as well as the entire record in this case, the Court grants Defendants' motion.

**I.    BACKGROUND**

Plaintiffs originally filed this action on October 30, 2018. (Doc. No. 1.) In the First Amended Complaint, filed on January 18, 2019, Plaintiffs allege that certain federal and California regulations applicable to the practice of falconry are unconstitutional and violate the Administrative Procedures Act. (Doc. No. 16.)

1

On January 28, 2019, Plaintiffs filed a motion for a preliminary injunction. (Doc. No. 17.) Defendants filed motions to dismiss and an opposition to the motion for preliminary injunction on March 15, 2019. (Doc. Nos. 24-26.) The Court took the motion for preliminary injunction and motions to dismiss under submission on April 9, 2019. (Doc. No. 43.) Due to the judicial emergency in this District, the Court has not yet issued a written decision on the pending motions.

On October 30, 2018, when the case was first filed, the Court set an Initial Scheduling Conference for February 5, 2019. (Doc. No. 4.) The parties subsequently submitted five separate stipulations to continue the Initial Scheduling Conference due to the pending motions, and the Initial Scheduling Conference was ultimately scheduled for December 12, 2019. (Doc. Nos. 15, 19, 46, 48, 50.) On November 22, 2019, after Plaintiffs indicated that they were not willing to stipulate to any further continuances of the Initial Scheduling Conference, Defendants filed the instant motion to stay. (Doc. No. 51-1 at 2, 4.) On December 5, 2019, the Court converted the Initial Scheduling Conference to a Telephonic Status Conference. (Doc. No. 54.) At the conference on December 12, 2019, the Court and the parties discussed the status of the action, including the pending motion to stay discovery, and the judicial emergency in the Fresno Division of the Eastern District of California. (Doc. No. 55.) No scheduling deadlines were set. (*Id.*)

## II. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket" and may stay discovery while a dispositive motion is pending. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Associates, Inc.,* 557 F.2d 1280 (9th Cir. 1977)). The party seeking the stay bears the burden of establishing the need for a stay. *Clinton*, 520 U.S. at 708.

Defendants seek to stay all discovery in this case until thirty (30) days after the Court issues an order resolving the pending motions to dismiss in order to avoid "potentially unnecessary, expensive discovery." (Doc. No. 51 at 4.) Defendants further seek to continue the Initial Scheduling Conference until after the pending motions are resolved. (*Id.*) Plaintiffs oppose a stay on the grounds that Defendants have failed to carry their burden to establish that a

stay of discovery is warranted. (Doc. No. 52.)

The parties disagree regarding the applicable standard governing Defendants' motion to stay. Defendants contend that a two-part test applies, wherein the Court must determine: 1) whether the pending motion is potentially dispositive of the entire case or dispositive of the issue at which discovery is aimed; and 2) whether the pending motion can be decided without additional discovery. (Doc. No. 51-1 at 3.) Citing to *Mlejnecky v. Olympus Imaging America, Inc.,* 2011 WL 489743, at *7 (E.D. Cal. Feb. 7, 2011), Plaintiffs argue that Defendants "must make a 'clear and convincing showing' or demonstrate the 'immediate and clear possibility' that they will prevail on the merits of their dispositive motions." (Doc. No. 52 at 2.) On reply, Defendants note that *Mlejnecky* acknowledged that the Ninth Circuit has not articulated a controlling standard for issuance of a stay of discovery, that the decision to stay is within the discretion of the trial court, and several variations of the two-part test have emerged. (Doc. No. 56 at 2.) Defendants further argue that, regardless of which standard applies, it has been satisfied here. (*Id.*)

In *Mlejnecky,* the defendant filed a motion for a protective order seeking to stay the exchange of initial disclosures and discovery in the case due to a pending motion to dismiss. *Mlejnecky,* 2011 WL 489743, at *1. The parties, as here, disagreed regarding the applicable standard used to evaluate motions to stay discovery while a dispositive motion is pending, which the court recognized was "a not uncommon dispute" in the context of such motions. *Id.* at *5, 7 n. 10. The *Mlejnecky* court reviewed the standards used by other courts in the Ninth Circuit in determining motions to stay discovery. *Id.* at *5-8. Specifically, the Court recognized that:

> "[t]he Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion. However, federal district courts in California, including this court, have applied a two-part test when evaluating such a request for a stay. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. . . . Discovery should proceed if either prong of the test is not met."

*Id.* at *7. As to the first prong, the defendant argued that it need only demonstrate that there is a

3

"clear possibility" that the potentially dispositive motion would be granted. *Id.* The plaintiff, in turn, argued that the defendant was required to show "by clear and convincing evidence" that it would prevail on the merits of the dispositive motion. *Id.* Without deciding which standard should apply, the *Mlejnecky* court concluded that neither had been met and declined to stay discovery. *Id.* In doing so, the court "recognize[d] the awkward nature" of reviewing the merits of the potentially dispositive motion in evaluating whether a stay should issue. *Id.* at *8. The court noted that another judge would hear and resolve the dispositive motion at issue, and that judge "may take a different view of the merits." *Id.*

Motions to stay are within the sound discretion of the Court and, as acknowledged in *Mlejnecky*, the Ninth Circuit has not announced a clear standard for motions to stay discovery while a dispositive motion is pending. Moreover, Plaintiffs have not cited any controlling authority for the proposition that either the "clear and convincing showing" or the "immediate and clear possibility" standards they propose are binding on this Court. As in *Mlejnecky,* the undersigned is not the judge who will resolve the pending motions to dismiss, which are currently before Chief Judge Lawrence J. O'Neill. Moreover, as the *Mlejnecky* court acknowledged, "[j]udges in the Eastern District of California and Northern District of California have applied variations of [the two-part] test with frequency." *Mlejnecky,* 2011 WL 489743, at *6. These courts often do so by conducting a preliminary review of the pending dispositive motion and without exhaustively reviewing the merits under the standards Plaintiffs propose. *See, e.g., Oertell v. Six Flags Entm't Corp.,* 2018 WL 489154, at *3 (E.D. Cal. Jan. 19, 2018) (finding that a pending motion for partial summary judgment did not dispose of the entire case without reviewing the merits of the motion); *Turner v. Colon,* 2014 WL 5308324, at *2 (E.D. Cal. Oct. 16, 2014) (reasoning that a stay was warranted where a pending motion for summary judgment was "potentially case dispositive or at a minimum may narrow the issues" without weighing the merits of the motion); *Spearman v. I Play Inc.,* 2018 WL 1382349, at *2 (E.D. Cal. Mar. 19, 2018) (noting that the court had taken a "preliminary peek" at the merits of the underlying dispositive motion challenging the court's jurisdiction and, "[w]ithout determining whether jurisdiction exists," found that the argument has merit and the jurisdictional issue was potentially

4

dispositive of the case).

A stay is warranted under the two-part test discussed above. First, Defendants' motions seek to dismiss the First Amended Complaint in its entirety. (*See* Doc. Nos. 24, 25.) Without determining the merits of the pending motions before Judge O'Neill, the Court finds that Defendants' arguments are sufficiently meritorious for a finding that the motions are potentially dispositive of the case. With respect to the second part of the two-part test, Plaintiffs do not argue that discovery is necessary to resolve the pending motions or even identify the scope of any discovery they intend to take. Indeed, the pending motions have been fully briefed and taken under submission and it does not appear that any discovery is necessary to resolve them.

Here, the Court finds that Defendants have shown good cause for the requested stay of discovery. No scheduling order has issued in this case and no deadlines have been set. Accordingly, if Defendants' motions to dismiss do not resolve this case, Plaintiffs will not be prejudiced by a modest delay in proceeding with discovery. In contrast, proceeding with discovery will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. This is particularly concerning where, as explained to the parties at the December 12, 2019 status conference, there is currently a judicial emergency in the Fresno Division of the Eastern District of California.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay (Doc. No. 51) is GRANTED;

2. Discovery in this case is STAYED until thirty (30) day after the Court issues an order resolving the pending motions to dismiss; and

3. The Court will set an Initial Scheduling Conference in this case as promptly as practicable following resolution of the pending motions to dismiss.

IT IS SO ORDERED.

Dated: **December 20, 2019**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

5