IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STAVRIANOUDAKIS, et al.,<br><br>                     Plaintiffs,<br><br>       v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, et al.,<br><br>                     Defendants. | NO. 1:18-CV-01505-NONE-BAM<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME<br><br>(Doc. No. 61) |

On October 30, 2018, plaintiffs Peter Stavrianoudakis, Katherine Stavrianoudakis, Eric Ariyoshi, Scott Timmons, and the American Falconry Conservancy filed this suit against the federal and state defendants. (*See* Doc. No. 1.) Plaintiffs filed a first amended complaint (FAC") on January 18, 2019. (Doc. No. 16.) The FAC seeks declaratory and injunctive relief based on constitutional and statutory challenges to federal and state regulations governing the sport/practice of falconry in California. (*Id*.) More specifically, plaintiffs challenge certain falconry regulations under the Fourth Amendment's prohibition against unreasonable searches, and other falconry regulations under the First Amendment's Free Speech Clause. (*Id*.)

On January 28, 2019, plaintiffs filed a motion for a preliminary injunction. (Doc. No. 17.) On March 15, 2019, the Federal Defendants and the State Defendant each filed a motion to dismiss and an opposition to the preliminary injunction motion. (Doc. Nos. 24, 25, 26, 27.) On March 29, 2019, plaintiff replied in connection with its motion for preliminary injunction and filed an opposition to the

motions to dismiss. (Doc. Nos. 37, 38.) Defendants filed replies in early April 2019. (Doc. Nos. 41, 42, 44.) In addition, an amicus brief was filed by the North American Falconers Association (Doc. No. 33), to which plaintiffs replied. (Doc. No. 40.) The motions can be fairly characterized as lengthy and complex.

On January 24, 2020, the Court issued an order granting the defendants' motions to dismiss in part and denying them in part. The court found that the plaintiffs lacked standing to bring the Fourth Amendment claims and that two of the plaintiffs (Katherine Stavrianoudakis and Eric Ariyoshi) lacked standing to pursue the First Amendment claims. The court dismissed the claims for which there was no standing with leave to amend. The motions to dismiss were denied in all other respects. (Doc. No. 59 at 53-54.) The court denied the motion for preliminary injunction with respect to the Fourth Amendment claims because the plaintiffs lacked standing. (*See id*. at 50.) Finally, the court requested supplemental briefing with respect to the First Amendment claims. (*See id*. at 54.) The court set a deadline of thirty days from the date of the order for the defendants to file their supplemental briefs, making the current filing deadline February 24, 2020. (*See id*. at 54.)

On February 19, 2020, in advance of the deadline, defendants filed a request for an extension, seeking an additional thirty days to allow counsel to complete consultations with relevant federal and state decisionmakers responsible for overseeing design and implementation of the challenged regulations. (*See* Doc. No. 59.)

Plaintiffs object to the requested extension, indicating that while they "would not, in the ordinary course of litigation, refuse to agree to routine requests for scheduling accommodations, and have reached multiple stipulations in this case previously with the Defendants regarding scheduling," they "have been seeking preliminary injunctive relief for more than a year and are not in a position to concede additional delays absent good cause." (Doc. No. 62.)

Plaintiffs concede the nature of the good cause standard. (*Id*. at 3.) Federal Rule of Civil Procedure 6(b) permits a party to move the court, upon a showing of good cause, for an extension of time within which to file a brief.

Plaintiffs cry "fowl" but the court is not persuaded. The "delay" plaintiffs attempt to assign to defendants is the result of this court's extraordinary workload coupled with the complexity of the issues

presented. Plaintiffs suggest that this court should not permit the extension because the court has already found irreparable First Amendment harm. In support of this argument, plaintiffs cite the court's reasoning that for purposes of standing self-censorship can constitute a cognizable First Amendment harm. (*See* Doc. No. 62 at 31-33.) Plaintiffs take this reasoning out of context. The court's standing analysis is a far cry from a finding that plaintiffs are likely to succeed on the merits of their First Amendment claim. As the court indicated, supplemental briefing is required before the court can make that determination.

The requested extension is reasonable under the circumstances. The extension of time is necessary to permit defendants to consult with decision makers regarding the issues to be addressed in the supplemental briefs. Accordingly, good cause appearing, the request for an extension is GRANTED.

On or before March 25, 2020, defendants shall file their respective supplemental briefs as ordered by the Court. On or before April 24, 2020, plaintiffs shall file their responsive supplemental brief as ordered by the Court.

IT IS SO ORDERED.

Dated: **February 21, 2020**

UNITED STATES DISTRICT JUDGE