XAVIER BECERRA, State Bar No. 118517
Attorney General of California
RANDY L. BARROW, State Bar No. 111290
Supervising Deputy Attorney General
LINDA GÁNDARA, State Bar No. 194667
CAROLYN NELSON ROWAN, State Bar No. 238526
ALI A. KARAOUNI, State Bar No. 260849
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7795
  Fax: (916) 327-2319
  E-mail: Ali.Karaouni@doj.ca.gov

*Attorneys for Defendant Charlton H. Bonham, in his official capacity as Director of California Department of Fish and Wildlife*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PETER STAVRIANOUDAKIS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF FISH & WILDLIFE, ET AL., <br><br> Defendants. | 1:18-cv-01505-LJO-BAM <br><br> **DIRECTOR OF CALIFORNIA FISH AND WILDLIFE'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Courtroom: 4 <br> Judge: The Honorable Dale A. Drozd <br> Trial Date: <br> Action Filed: October 30, 2018 |

1

Plaintiffs Peter Stavrianoudakis, Katherine Stavrianoudakis, Scott Timmons, Eric Ariyoshi, and American Falconry Conservancy (collectively, Plaintiffs) ask this Court to enjoin the potential future application of provisions of California's falconry regulations against them. As set forth in the Director's[1] Opposition to Plaintiffs' Motion for Preliminary Injunction (Opposition), Plaintiffs' motion should be denied because they are unlikely to prevail on the merits of their claims and the balance of equities tips sharply in favor of the public's interest in protecting the health and safety of raptors used in falconry. *See* ECF No. 26, Legal Argument, Parts I-II.

On January 24, this Court issued its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and Ordering Supplemental Briefing Re: Request for Preliminary Injunction (Order). ECF No. 59. Specifically, with respect to Plaintiffs' speech claims, the Court asked Defendants to "discuss the nature of the government interest involved and how the three categories of speech restrictions (falconers' presentations and media, compensation, and commercial speech) are drawn to meet such interest." ECF No. 59, 53. The Court also requested additional "analysis on the third and fourth prongs of the *Winter* test: the balance of equities and the public interest." *Id*. The Director submits this supplemental brief pursuant to that Order.

As explained in the Director's Opposition, falconry is the sport of hunting wild prey using a trained raptor or bird of prey. Because the sport involves the use of raptors protected under the Migratory Bird Treaty Act, 16 U.S.C. §§ 703-712, falconry today is subject to comprehensive federal and state regulation.

Under the Migratory Bird Treaty Act, no person can possess a raptor, except as permitted under the federal regulations that implement that Act. 16 U.S.C. § 703(a); 50 C.F.R. § 21.29 (federal regulations implementing the Migratory Bird Treaty Act). While a state falconry program may be more restrictive than the federal standards, it may not be less restrictive.

---

[1] The Director of the Department—Charlton H. Bonham—is named as a defendant in his official capacity and is referred to herein as the "Director."

1

50 C.F.R. § 21.29(b)(1)(ii). Indeed, all state falconry programs must be certified by the U.S. Fish and Wildlife Service as meeting federal standards. 50 C.F.R. § 21.29(b)(1)(i). Absent certification, there can be no state falconry program. As a result, California's limitations on falconry exhibition, including the three categories of speech restrictions referenced in the Court's order requesting supplemental briefing, mirror the federal regulations governing falconry exhibition. *Compare* Cal. Code Regs. tit. 14, § 670(h)(13) *with* 50 C.F.R. § 21.29 (Section 21.29).

Because California's restrictions were set to comply with the federal requirements for state falconry programs, the Federal Defendant is in a better position to explain the interests behind the restrictions and why they are narrowly tailored to achieve those interests, and relatedly, explain how those interests affect the balance of equities and public interests prongs under *Winter*. Accordingly, the Director defers to the Federal Defendant's discussion of these issues.

## CONCLUSION

For the reasons more fully explained in the Director's Opposition, the Court should deny Plaintiffs' Motion for Preliminary Injunction.

Dated: March 25, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RANDY L. BARROW
Supervising Deputy Attorney General
LINDA GÁNDARA
CAROLYN NELSON ROWAN
Deputy Attorneys General

　/s/ Ali A. Karaouni
ALI A. KARAOUNI
Deputy Attorney General
*Attorneys for Defendant
Department of Fish & Wildlife*

SA2018303447
14553420.docx

2