UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STAVRIANOUDAKIS; et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FISH & WILDLIFE SERVICE; et al., <br><br> Defendants. | No. 1:18-cv-01505-JLT-BAM <br><br> **STIPULATED JUDGMENT AND ORDER** |

The Court, having reviewed the parties' Stipulation for Compromise Settlement and Release of Claims, and upon the agreement of all parties to this action, therefore, the Court enters the following judgment and order:

1. Defendant U.S. Fish and Wildlife Service has delegated enforcement of falconry regulations in California, including those contained in 50 C.F.R. § 21.82, to the California Department of Fish and Wildlife.

2. Regarding the claims in Plaintiffs' Second Amended Complaint (ECF 64) asserted under the First Amendment of the Constitution, neither the Federal Defendants nor the State Defendant admit that such claims have any merit. This Court has held that Plaintiffs do not

2

have standing to assert their First Amendment claims against the Federal Defendants, and that Plaintiffs are likely to succeed on the merits of their First Amendment claims against the State Defendant (ECF 95). Accordingly, the State Defendant consents to the Court's Judgment and Order enjoining the State Defendant his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing the regulations listed below regarding the regulation of falconry, unless and until such time as the State Defendant may amend or revise any of such regulations in a manner consistent with the Court's January 14, 2022, Order:

    A.    This Court has held that the provisions of 50 C.F.R. § 21.82(f)(9)(i), 14 C.C.R. § 670(a)(4), and (h)(13)(A) challenged here likely violate the First Amendment to the United States Constitution. The State Defendant is enjoined from relying on those regulations to prohibit licensed falconers from photographing or filming their birds for "movies, commercials, or in other commercial ventures that are not related to falconry."

    B.    This Court has held that the provisions of 50 C.F.R. § 21.82(f)(9)(ii) and 14 C.C.R. § 670(a)(4) and (h)(13)(A) challenged here likely violate the First Amendment to the United States Constitution. The State Defendant is enjoined from relying on those regulations to prohibit licensed falconers from photographing or filming their birds for "commercial entertainment; for advertisements; as a representation of any business, company, corporation, or other organization; or for promotion or endorsement of any products, merchandise, goods, services, meetings, or fairs."

    C.    This Court has held that the provisions of 50 C.F.R. § 21.82(f)(8)(v) and 14 C.C.R. § 670(a)(4) and (h)(13)(A) challenged here likely violate the First Amendment to the United States Constitution. The State Defendant is enjoined from relying on those regulations to require licensed falconers to discuss "information about the biology, ecological roles, and conservation needs of raptors and other migratory birds" when conducting conservation education activities or otherwise dictating the content of these presentations.

///

   D. This Court has held that the provisions of 50 C.F.R. § 21.82(f)(8)(iv) and 14 C.C.R. § 670(a)(4) and (h)(13)(A) challenged here likely violate the First Amendment to the United States Constitution. The State Defendant is enjoined from relying on those regulations to prohibit licensed falconers from being paid to speak with their birds.

3. The California Department of Fish and Wildlife will provide notice to the public on the Department's website of what regulations will no longer be enforced and shall note that such changes are required by this judgment and will amend any instruction or compliance forms the Department issues to falconers to reflect the terms of this judgment. The Department shall maintain said notice on its website until the regulatory provisions not to be enforced are either repealed or amended, by the State Defendants, after which time the Department may remove the notice from its website.

4. This stipulated judgment addresses the Plaintiffs' First Amendment challenges to the regulations referenced in paragraph 2 without adjudicating the constitutionality under the First Amendment to the United States Constitution of those specific regulations challenged in Plaintiffs' Second Amended Complaint and does not address or impact the constitutionality of any other statute or regulation.

5. This Court's previous Order, (ECF 95) dismissed without leave to amend Counts I–III of the Second Amended Complaint against all Defendants; Counts IV–VII as to the Federal Defendants; Count IX as to the State Defendant; and Count IX as to the Federal Defendants with respect to the unannounced inspection provisions of the challenged regulations, but not the challenged speech regulations.

6. Count IX against the Federal Defendants and Counts IV–VIII against the State Defendant are resolved by this stipulated judgment and order. Count VIII was based on California state regulations and was not asserted against the Federal Defendants. See ECF 64 at 27–28.

7. Count IX against the Federal Defendants is dismissed without prejudice in its entirety.

8. This Order resolves all claims in this case and there is no just reason for delay. The Court directs entry of final judgment pursuant to the terms of this stipulated judgment and order.

IT IS SO ORDERED.

Dated: __**November 10, 2022**__

_____
UNITED STATES DISTRICT JUDGE